# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

January 19, 2025

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Wayfarer Studios LLC et al. v. Blake Lively et al.*, No. 25-cv-00449 (LJL), ECF Nos. 13 and 14

Dear Judge Liman:

Defendants Blake Lively and Ryan Reynolds respectfully submit this letter to provide additional context regarding the executed waivers of service filed today, January 19, 2025. *See* ECF No. 13 (Lively executed waiver of service); ECF No. 14 (Reynolds executed waiver of service).

These filings utilize the standard AO 399 forms, which reference a "request to waive service of a summons in this action," however, Defendants Ms. Lively and Mr. Reynolds were not requested to waive service by counsel for Plaintiffs in this action. Nonetheless, our clients have voluntarily waived service, and communicated the same, to Mr. Bryan Freedman, who appears to be counsel of record for Plaintiffs in this matter alongside noticed counsel. Such voluntary waivers are effective under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(d)(3) (… "[a] defendant who, before being served with process, timely returns a waiver …").

This filing was necessitated by Plaintiffs' curious decision to insist upon personally hand-serving Defendants notwithstanding prior correspondence in which counsel for Ms. Lively informed Plaintiffs of their preference to work with opposing counsel to effectuate service in a collegial and efficient manner. *See* Ex. A at 5. Despite this history, Plaintiffs' process servers made attempts at service on the evening of January 18, 2025, which resulted in one of Defendants' employees (who is not a party to this action) being followed to the residence in which she was staying by an unknown vehicle down a dark road late at night; this conduct was sufficiently alarming as to cause that employee to file a police report. *See* Ex. A at 1. Accordingly, undersigned counsel reached out to Mr. Freedman on the evening of January 18, 2025 to express serious safety and privacy concerns that Plaintiffs' attempts at service were creating, and advised Plaintiffs' counsel of the requirement under Rule 4(d)(1) of the Federal Rules of Civil Procedure that any "individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty … avoid unnecessary expenses of serving the summons." Undersigned counsel therefore told Mr. Freedman that Ms. Lively and Mr. Reynolds would waive service, and that this firm was authorized to accept service on their behalf. *See* Ex. A at 2. Earlier today, I provided Mr. Freedman and his colleagues

with copies of the waivers and requested confirmation of receipt, Ex. A at 1, but as of the time of this filing, I have received no reply.

Respectfully submitted,

s/ Michael J. Gottlieb