


Kevin Fritz
*Partner*
Direct (212) 655-3570
Fax (212) 655-3535
kaf@msf-law.com

January 23, 2025

Via ECF
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re: *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;**
**rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL**

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in response to the letter dated January 21, 2025 from counsel for Blake Lively, Ryan Reynolds, Leslie Sloane, and Vision PR, Inc. (the "Lively Parties") concerning alleged extrajudicial statements.

Contrary to the inflammatory allegations in the Lively Parties' letter, counsel for the Wayfarer Parties has not violated Rule 3.6 of the New York Rules of Professional Conduct. Rule 3.6(a) prohibits a lawyer who is participating in a civil matter from making extrajudicial statements that "will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter." Putting aside that no such materially prejudicial statements have been made, Rule 3.6(d) creates an exception that allows the lawyer to make statements "required to protect a client from the substantial prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client."

The Lively Parties provided *The New York Times* with Ms. Lively's otherwise confidential administrative complaint filed with the California Civil Rights Department and "thousands of pages of original documents, including [] text messages and emails[.]" *See* Megan Twohey, *'It Ends With Us' Actor and Director and His Publicists Sue The Times for Libel*, The New York Times (Jan. 1, 2025), https://www.nytimes.com/2025/01/01/us/justin-baldoni-blake-lively-it-ends-with-us-new-york-times-lawsuit.html. In its bombshell story "'We Can Bury Anyone': Inside a Hollywood Smear Machine," the *Times* regurgitated Ms. Lively's allegations along with an array of cherry-picked, altered, and misleadingly spliced communications. The results have been utterly calamitous for Mr. Baldoni and the other Wayfarer Parties, who instantly became objects of public scorn and contempt. Already, the Wayfarer Parties have been exiled from polite society and suffered damages totaling hundreds of millions of dollars due to Ms. Lively's scorched-earth media campaign.

The coordinated public "drop" of Ms. Lively's administrative complaint and the *Times* story, which the Lively Parties do not deny orchestrating, began a very much ongoing attempt to rehabilitate Ms. Lively's image at the Wayfarer Parties' expense. Immediately after the Wayfarer Parties filed their Complaint against the Lively Parties, counsel for the Lively Parties described the lawsuit as "another chapter in the abuse playbook" and Mr. Baldoni as an "abuser." *See, e.g.*, *Blake Lively on Justin Baldoni's Lawsuit: "Another Chapter in the Abuser's Handbook"*, The Hollywood Reporter, (Jan. 16, 2025), https://www.hollywoodreporter.com/business/business-news/blake-lively-lawsuit-justin-baldoni-abuser-handbook-1236111095/.

As recently as two days ago, the Lively Parties' counsel publicly described the contents of video footage relating to Ms. Lively's allegations as "damning." Their statement continued: "Any woman who has been inappropriately touched in the workplace will recognize Ms. Lively's discomfort." In the context of a media feeding frenzy *initiated by Ms. Lively*—which has already caused and continues to cause untold harm to the personal and professional lives of the Wayfarer Parties—counsel for the Wayfarer Parties adamantly and in good faith believe that "a public response is required in order to avoid prejudice to [their clients.]" Rule 3.6 cmt. 7. Having publicly made ruinous allegations that the Wayfarer Parties can prove are false, the Lively Parties now invoke attorney disciplinary rules as an intimidation tactic. The Lively Parties' desire to force the Wayfarer Parties to defend themselves privately against allegations made publicly is not a proper basis for a gag order. It is tactical gamesmanship, and it is outrageous. If, as the Lively Parties' letter suggests, such a protective order is formally requested, it should be denied.

We look forward to further discussing this matter at the Initial Pretrial Conference scheduled for February 12, 2025.

Respectfully submitted,

Kevin Fritz

Kevin Fritz

cc: all counsel of record (via ECF)