# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

February 13, 2025

**VIA ECF**

The motion for exemption from the mediation program and Pilot Discovery Protocols is GRANTED. SO ORDERED.

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

SO ORDERED.

Date: 2/13/25

LEWIS J. LIMAN
United States District Judge

Re:    *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL; *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

The Lively/Reynolds and Wayfarer Parties submit this joint letter to move pursuant to Local Rule 7.1(d) and Paragraph 1(C) of the Court's Individual Rules and Practices for an order exempting *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL from the Southern District of New York's mediation program and Pilot Discovery Protocols ("Discovery Protocols") for counseled employment discrimination cases. At the Rule 26(f) Conference that counsel for the parties held on January 30, 2025, counsel for the parties agreed that settlement discussions would be premature. Counsel for Ms. Lively discussed the issue of the automatic referral to the mediation program and the Discovery Protocols with counsel for the Wayfarer Parties on February 7, 2025, and the parties agree that mediation and the Discovery Protocols (to the extent not superseded by the Court's so-ordered Case Management Plan) are inappropriate for this case.[1]

On January 28, 2025, an Order of Automatic Referral to Mediation was entered by this Court pursuant to Chief Judge Preska's Second Amended Standing Administrative Order regarding Counseled Employment Discrimination Cases (the "Standing Order"). *See* Dkt. No. 46. According to the Standing Order, a case may be exempted from the Alternative Dispute Resolution program of mediation and the Discovery Protocols for good cause. *Id.* at 1. On February 10, 2025, the Court provided notice of mediator assignment in the consolidated cases.

Good cause exists to exempt the above-captioned consolidated case from the mediation program and Discovery Protocols. As the Court knows, a schedule for discovery has already been entered that will encompass the discovery contemplated by the Discovery Protocols, as well as additional discovery including relating to Ms. Lively's non-employment-related claims. *See* Dkt. No. 58. Further, Ms. Lively has informed the Court and all parties that she will be filing an

---

[1] Counsel for Vision PR, Inc., and Leslie Sloane take no position on the Lively/Reynolds and Wayfarer Parties' request.

amended complaint imminently, and in the consolidated action, the parties are preparing motion to dismiss briefing, the resolution of which will be critical to informing the parties' litigation strategies. These circumstances make the Discovery Protocols unnecessary and the default 60-day mediation provided for under the Standing Order premature.

Accordingly, the Lively/Reynolds and Wayfarer Parties respectfully request an order exempting the above-captioned case from the Southern District of New York's mediation program, as well as from the Discovery Protocols to the extent not already ordered by the Case Management Plan and Scheduling Order entered by this Court. *See* Dkt. No. 58.

Respectfully submitted,

s/ *Michael J. Gottlieb*

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl C. Governski
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
(212) 728-8000
E-mail: anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

*Attorneys for Blake Lively and Ryan Reynolds*