

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Jacob D. Albertson
Partner, through his professional corporation
(917) 546-7714 Phone
(917) 546-7679 Fax
j1a@msk.com

April 25, 2025
**VIA ECF**
The Honorable Lewis J. Liman
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:     *Lively v. Wayfarer Studios LLC et al*, Case No. 24-CV-10049 (LJL); Letter-Motion to
        <u>Quash and for a Protective Order to Protect Nonparty Confidential Documents</u>

Dear Judge Liman:

This firm represents nonparty Marvel Entertainment, LLC ("Marvel").  We write pursuant to Federal Rules of Civil Procedure 26 and 45, Rule 4.C of Your Honor's Individual Practices, and Paragraph 10 of the Protective Order (ECF No. 125) to request that the Court: (1) quash the subpoena issued to Marvel from the Wayfarer Parties[1] (Ex. A, the "Subpoena"); and (2) issue a protective order prohibiting the disclosure of Marvel's confidential documents by any party or other nonparty in this action.  Alternatively, Marvel requests that the Court stay the return date of the Subpoena and related document requests until after the Court decides the pending motion to dismiss of Counterclaim Defendant Ryan Reynolds ("Reynolds").  ECF No. 132.

The Subpoena concerns the creation and development of one of the characters in Marvel's film, *Deadpool & Wolverine*.  Marvel is aware that the Wayfarer Parties have served document requests for the same documents from Reynolds (the "RFPs").  As discussed more fully below, the requested documents are proprietary and highly confidential, and their disclosure is likely to substantially harm Marvel.  Furthermore, the documents are irrelevant to the claims in this case. The disclosure of these documents would be improper and inconsistent with the Federal Rules.

## <u>Background Regarding Marvel, *Deadpool & Wolverine*, and the Allegations at Issue</u>

*Deadpool & Wolverine* is a film produced by Marvel Studios, LLC (a subsidiary of Marvel). Reynolds is one of the writers of the film and stars as the titular character, "Deadpool."  The film was released in July of 2024.  It is the third in a series of *Deadpool* films, and is the 34th film in the "Marvel Cinematic Universe" ("MCU"), an ongoing series of interconnected films and television shows featuring Marvel characters and stories.

*Deadpool & Wolverine* features a number of different versions of the Deadpool character, including "Lady Deadpool," "Dogpool," "Kidpool," "Headpool," and "Nicepool."  The Wayfarer Parties make brief reference to Nicepool in their First Amended Complaint ("FAC").  *See* ECF No. 50 ¶¶ 164, 165.  Specifically, they allege that "Reynolds and Lively continued to leave 'bread crumbs' in their campaign for mocking and bullying [Defendant and Counterclaim Plaintiff Justin Baldoni]" by including Nicepool in *Deadpool & Wolverine* as a "vicious caricature" of Baldoni, and that scenes with Nicepool "were intended to be a transparent and mocking portrayal of Reynolds' warped perception of Baldoni."  *Id.* ¶ 164.

---

[1] The "Wayfarer Parties" are Defendants and Counterclaim Plaintiffs Wayfarer Studios, LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, and Jennifer Abel.

20674662.1

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM



The Honorable Lewis J. Liman
April 25, 2025
Page 2

**The Subpoena and Document Requests**

The Subpoena calls for the production of "All DOCUMENTS and COMMUNICATIONS … CONCERNING the creation, development, modification, or portrayal of the character 'Nicepool' from Deadpool & Wolverine…." Ex. A. It also calls for the production of "All DOCUMENTS and COMMUNICATIONS CONCERNING BALDONI." *Id.* Marvel further understands, from a notice provided by Reynolds, that the RFPs call for Nicepool-related documents from Reynolds.[2]

**The Requested Documents Should Not Be Produced**

On a motion to quash, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings" after which the burden shifts to the movant to demonstrate undue burden imposed by the subpoena. *Chen v. SS&C Techs., Inc.*, 2023 WL 2387112, at *3 (S.D.N.Y. Mar. 7, 2023) (citations omitted). A court may quash a subpoena if it requires disclosing "confidential research, development, or commercial information." Fed. R. Civ. Proc. 45(a).

Pursuant to the Protective Order in this case, a "third party may seek a protective order or other relief from this Court" when a party to the action is "requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to [the] third party." *Lively v. Wayfarer Studios LLC*, 2025 WL 815364, at *3 (S.D.N.Y. Mar. 13, 2025). A protective order prohibiting the production of documents is warranted where the request for documents "exceeds the scope of discoverable information under Rule 26, i.e., 'nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" *State Farm Mut. Auto. Ins. Co. v. Khait*, 2023 WL 6541583, at *2 (E.D.N.Y. Sept. 26, 2023).

The Requested Documents Are neither Relevant nor Material

The documents at issue are irrelevant to the resolution of the claims asserted in this case. To survive, the Wayfarer Parties' claims against Reynolds for defamation and false light must be based on false statements *of fact*, not merely ideas or opinions. *See Farrakhan v. Anti-Defamation League*, 2025 WL 24066, at *2 (2d Cir. Jan. 3, 2025) ("Expressions of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation."); *Taus v. Loftus*, 151 P.3d 1185, 1209 (Cal. 2007) (only false statements of fact can support a defamation claim); *see also Baiqiao Tang v. Wengui Guo*, 2019 WL 6169940, at *7 (S.D.N.Y. Nov. 20, 2019) ("Plaintiffs' false light claim is wholly duplicative of their harassment and defamation claims" when premised on "the exact same conduct"; denying leave to amend claim). In their FAC, the Wayfarer Parties allege that Nicepool is a "caricature" and "mocking portrayal" based on Reynolds' "perception of Baldoni," but identify no false statement of fact. FAC ¶ 164. Consequently, the portrayal of Nicepool is not actionable as defamation. Based on the Wayfarer Parties' allegations, Nicepool is "clearly a joke" and not "grounded in any factual basis." *Moore v. Cohen*, 548 F. Supp. 3d 330, 345 (S.D.N.Y. 2021), *aff'd*, 2022 WL 2525722 (2d Cir. July 7, 2022) (dismissing defamation and related claims). Tellingly, in their opposition to Reynolds' motion to dismiss, while the Wayfarer Parties cite various allegations that purportedly support their defamation claim, they do not even mention Nicepool. ECF No. 160.

The requested documents are also immaterial. The Wayfarer Parties certainly have other, less

---

[2] Through his creative participation in *Deadpool & Wolverine*, Reynolds obtained possession of Marvel's documents relating to the creation and development of that film, subject to contractual confidentiality obligations.



The Honorable Lewis J. Liman
April 25, 2025
Page 3

burdensome means through which they can obtain relevant information (if any exists) from the parties in the action, such as a request for admission or a party deposition.

<u>The Documents Are Proprietary and Confidential, and their Disclosure Would Harm Marvel</u>

Even assuming, *arguendo*, the requested documents are relevant and material, the Court should still prohibit their disclosure because the requests are unduly burdensome and they seek highly proprietary and confidential documents, the disclosure of which would harm Marvel. *See* Fed. R. Civ. Proc. 45(B)(i). The Subpoena's requests sweep broadly, demanding all documents about a character in a major film, and all documents concerning an actor, from seemingly anyone related to Marvel. These requests necessarily call for the production of draft scripts, production notes, and other documents relating to the development of the film. Courts recognize that documents relating to the development of a creative work are confidential and deserving of protection. *See, e.g.*, *DeWitt Stern Grp., Inc. v. Eisenberg*, 2013 WL 2420835, at *3 (S.D.N.Y. June 4, 2013) (movie script constituted confidential information subject to preliminary injunction).

The requested documents are particularly sensitive because they relate to the development of a character in an **ongoing** movie franchise. Marvel has built the success of the MCU in large part by interconnecting storylines, plots, and characters across its titles, including "crossover" events and sequels. Whether and how such elements will appear in upcoming, unreleased projects is the subject of much public interest, and this information is closely guarded by Marvel. *See* Oliar & Matich, *Copyright Preregistration: Evidence and Lessons from the First Seven Years, 2005-2012*, 55 Ariz. L. Rev. 1073, 1083 (2013) (explaining sensitive nature of, and related harm in disclosing, information on motion pictures before public release).

Marvel's confidentiality concerns are heightened because, as this Court has observed, "[t]he details of this case have been closely followed in the media," the parties "have accused opposing parties of providing private, sensitive, or confidential information to the media … in ways that cannot easily be traced," and "where confidential information is not disclosed to the media, it may spread by gossip and innuendo." *Lively*, 2025 WL 815364, at *3, *5. Even if the requested documents are produced with the highest level of confidentiality permitted by the Protective Order, there remains serious risk that they will be disclosed to the public.

*    *    *

The requested documents are not relevant to any claim in this case, and their disclosure would cause substantial harm to Marvel. Marvel respectfully requests that the Court quash the Subpoena and prohibit the disclosure of the Nicepool-related documents requested in the RFPs.

**<u>In the Alternative, Disclosure Should Be Stayed Pending Determination of Reynolds' Motion</u>**

If the Court declines to grant the relief requested herein, Marvel respectfully submits that disclosure should be stayed pending the decision on Reynolds' motion to dismiss. ECF No. 133. Good cause exists to stay discovery. *See* ECF No. 69 (granting Defendant New York Times' motion to stay). As set forth above, the discovery sought from Marvel is broad, disclosure of these confidential documents would prejudice Marvel, and Reynolds' motion presents "substantial grounds for dismissal." At the same time, the Wayfarer Parties would not be prejudiced by a stay.

I certify that counsel for Marvel met and conferred with counsel for the Wayfarer Parties in a good faith effort to resolve this dispute prior to filing this motion.



The Honorable Lewis J. Liman
April 25, 2025
Page 4

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ Jacob D. Albertson
Jacob D. Albertson
Partner, through his professional corporation of
MITCHELL SILBERBERG & KNUPP LLP

# Exhibit A

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | |
|---|---|
| Wayfarer Studios LLC, et al. | ) |
| _Plaintiff_ | ) |
| v. | )  Civil Action No.   1:24-cv-10049-LJL |
| Blake Lively, et al. | ) |
| | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Marvel Entertainment, LLC, c/o Tanya Menton, The Walt Disney Company, 500 S Buena Vista St.,
Burbank, CA 91521-7875.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Express Network: 1605 W Olympic Blvd., Suite 800, Los Angeles, CA 90015; (213) 975-9850 | Date and Time:  03/05/2025 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     02/14/2025

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Bryan J. Freedman |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Consolidated Plaintiffs Wayfarer Studios LLC, et al. _____, who issues or requests this subpoena, are:

Bryan J. Freedman, Liner Freedman Taitelman + Cooley, LLP, 1801 Century Park West, 5th Floor, Los Angeles, CA 90067; (310) 201-0005; bfreedman@lftcllp.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:24-cv-10049-LJL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **DEFINITIONS AND INSTRUCTIONS**

Unless specifically indicated or otherwise required by the context in which the terms and names are used, the following definitions and instructions apply:

1.      The full text of the definitions and rules of construction set forth in Local Civil Rule 26.3 is incorporated by reference hereinto.

2.      The terms "You" and "Your" shall mean Marvel Entertainment, LLC and any of its members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

3.      The term "WME" shall mean William Morris Endeavor Entertainment, LLC and any of its members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

4.      The term "Sony" shall mean Sony Pictures Entertainment Inc. and any of its members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

5.      The term "Film" shall mean *It Ends With Us*.

6.      The term "Baldoni" shall mean Justin Baldoni as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

3

7.      The term "Heath" shall mean Jamey Heath as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

8.      The term "Wayfarer" shall mean Wayfarer Studios LLC and any of its members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

9.      The term "Reynolds" shall mean Ryan Reynolds as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting.

10.     The term "Lively" shall mean Blake Lively as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting.

11.     The term "Greenberg" shall mean Danny Greenberg as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting.

12.     The term "Whitesell" shall mean Patrick Whitesell as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-

in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting.

13.    The term "employees" refers to officers, directors, managers, members, or other employees currently or previously employed or otherwise associated with You or any of Your divisions, affiliates, and subsidiaries.

14.    The term "entity," or "entities," includes natural persons, proprietorships, partnerships, firms, corporations, public corporations, municipal corporations, governments (including foreign national governments, the government of the United States or any state or local government), all departments and agencies thereof, any governmental agencies of any country, political subdivisions, groups, associations, or organizations, and the "acts" of an "entity" or "entities" are defined to include the acts of directors, officers, owners, members, employees, consultants, agents, attorneys or any entity acting on the entity's behalf.

15.    The term "third party" means all persons, individuals, corporations, partnerships, and other entities of any kind that are not parties to this litigation, including customers and investors, as well as persons acting on behalf of such third parties, including their officers, agents, employees, consultants, and attorneys.

16.    The term "thing" has the broadest meaning possible under the Federal Rules of Civil Procedure and includes every kind of physical specimen or tangible item, other than a document, that is in Your possession, custody, or control.

17.    The terms/phrases "referring to," "relating to," and/or "concerning," as used herein, shall be interpreted broadly and shall include, but not be limited to, the following meanings: containing, recording, discussing, mentioning, noting, evidencing, memorializing, analyzing, describing, commenting upon, pertaining to, relating to, concerning and/or referring to the matters set forth.

18.     The term "involving" is used in its broadest sense to mean without limitation, including employing, entailing, comprehending, and/or affecting.

19.     The term "evidencing" means proving, indicating, or being probative of the existence or nature of the subject of the document requests.

20.     The term "communicated" means any transfer or exchange between two or more Persons or Entities of any information, whether by document or oral means, including but not limited to personal conversation, correspondence, facsimile, telephone calls, electronic mail, text messages, and other electronic messaging.

21.     The term "date" means the exact date, month, and year, if ascertainable, or if not, the best approximation thereof. Where You cannot ascertain an exact date, Your answer(s) shall specifically indicate that the approximation has been made.

22.     References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, superior, or principal thereof.

23.     References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

24.     The use of the term "the" shall not be construed as limiting the request for production.

25.     Use of the singular shall also include the plural, and vice-versa.

26.     Unless another time period is indicated, all requests for production should be construed to encompass the period beginning on January 1, 2022, through the date of Your responses to these requests.

27.     Each document produced shall be segregated according to the numbered request to which it is responsive or shall be designated in some other manner sufficient to identify to which request it is responsive or shall be produced as it is kept in the usual course of business.

28.     If any document to be produced has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, state in writing:

    a.   the date, name, and subject matter of the document;

    b.   the name, address, employment, and title of each person who prepared, received, reviewed, or had custody, possession, or control of the document;

    c.   all persons with knowledge of the contents or any portion of the contents of the document;

    d.   the previous location of the document;

    e.   the date of disposal or transfer of the document;

    f.   the reason for disposal or transfer of the document;

    g.   the manner of disposal of the document; and

    h.   the names and addresses of the transferee of the document, if applicable.

29.     If any request is objected to or documents or things responsive to any request are withheld under a claim of privilege or otherwise, with respect to each such request, You shall, in the response or objection, identify the nature of the privilege (including work product) which is being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked. When any privilege is claimed, You shall indicate whether any such documents exist as to the information requested.

30.     These requests are deemed to be continuing in nature, and You are under an obligation to supplement or amend its responses promptly upon learning of additional information or information that renders Your existing responses inaccurate or incomplete.

31.    These requests, including the Definitions and Instructions, are intended to be consistent with the scope and requirements of all applicable rules and law. No Instruction or Definition provided herein is intended to constrict or expand Your obligation to provide disclosures in accordance with all applicable rules of law.

## SCHEDULE A

**Request for Production No. 1:**

All DOCUMENTS and COMMUNICATIONS, including but not limited to emails, text messages, memoranda, and meeting notes CONCERNING the creation, development, modification, or portrayal of the character **"Nicepool"** from *Deadpool & Wolverine*, whether exchanged internally among employees of YOU or externally with writers, directors, actors, or other third parties.

**Request for Production No. 2:**

All DOCUMENTS and COMMUNICATIONS CONCERNING BALDONI.