USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/28/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
BLAKE LIVELY,                                                     :
                              Plaintiff,              :   24-cv-10049 (lead case);
                                       :   25-cv-449 (member case)
              -v-                                                        :
                                       :   MEMORANDUM AND
WAYFARER STUDIOS LLC, JUSTIN BALDONI,     :        ORDER
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY  :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE, :
STREET RELATIONS, INC.,                   :
                                       :
                        Defendants.            :
------------------------------------------------------------------X
:
WAYFARER STUDIOS LLC, JUSTIN BALDONI,     :
JAMEY HEATH, IT ENDS WITH US MOVIE LLC,   :
MELISSA NATHAN, and JENNIFER ABEL,        :
:
                        Plaintiffs,           :
:
             -v-                                                         :
:
BLAKE LIVELY, RYAN REYNOLDS, LESLIE        :
SLOANE, VISION PR, INC., THE NEW YORK TIMES:
COMPANY,                                   :
:
                        Defendants.            :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties") move to quash subpoenas issued to cellular providers AT&T, Verizon, and T-Mobile (the "Subpoenas") by Blake Lively ("Lively"). Dkt. Nos. 75, 93. For the reasons that follow, the motion is granted in part and denied in part.

Lively served the Subpoenas on or around February 12, 2025. *See* Dkt. Nos. 76–78. The Subpoenas requested "[a]ll documents concerning ingoing and outgoing calls or text messages related to" telephone numbers belonging to certain Wayfarer Parties and related individuals, "within the time period of December 1, 2022 to the present,[1] including but not limited to call logs, text logs, data logs, and cell site location information." *See id.* The telephone numbers of the Wayfarer Parties and related individuals are identified in the Subpoenas, but the destination telephone numbers are not. On February 14, 2025, the Wayfarer Parties moved to quash the Subpoenas as overly broad and invasive. Dkt. No. 75. The Court ordered the parties to meet and confer and to report back to the Court whether any dispute remained by February 24, 2025. Dkt. No. 85.

After the parties met and conferred, Lively agreed to remove the reference to "[a]ll documents," remove the request for locational data, and clarify that the Subpoenas seek only "call logs and text logs reflecting non-content, numerical information regarding ingoing and outgoing text messages." Dkt. No. 95; *see also* Dkt. No. 93. Lively has prepared modified subpoenas reflecting these changes. Dkt. No. 95.

However, by letter of February 24, 2025, the Wayfarer Parties reiterated their request to quash the Subpoenas. Dkt. No. 93. The Wayfarer Parties object to the fact that even as modified, the Subpoenas continue to cover call and text logs revealing "the phone numbers for **anyone** with whom the Wayfarer Parties" and other individuals communicated, regardless of whether such communication was related to the claims and defenses in this case. Dkt. No. 93. The Wayfarer Parties therefore seek to have the Subpoenas limited to communications between

---

[1] For certain individuals, the time period is only July 1, 2024 to the present. *See* Dkt. No. 76 at 15; Dkt. No. 78 at 15.

2

the subpoenaed phone numbers and other specific phone numbers of parties and witnesses that Lively would provide.  *Id.*  Lively argues that the purpose of the Subpoenas is to lead to admissible evidence regarding "communications not only among the defendants, but among the larger network of individuals who perpetuated the 'untraceable' campaign against Ms. Lively," which justifies their broad scope.  Dkt. No. 95.  Lively also argues that the Wayfarer Parties lack standing to assert the privacy interests of nonparties.  *Id.*; *see also* Dkt. No. 82 at 3.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b).  When the party moving to quash a subpoena is a non-recipient asserting a privacy interest, the Court must "weigh[] the relevance or probative value of the documents being sought against the privacy interests . . . asserted."  *Universitas Educ., LLC v. Nova Group*, Inc., 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013) (quoting *Solow v. Conseco, Inc.*, 2008 WL 190340, at *4 (S.D.N.Y. Jan. 18, 2008)); *see Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp. 3d 199, 202–03 (S.D.N.Y. 2023).  "[T]he burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant."  *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996).

The Subpoenas of the Wayfarer Parties' phone records, even as modified after the meet and confer, are overly intrusive and disproportionate to the needs of the case.  The Subpoenas request call and text logs between certain of the Wayfarer Parties and any other phone number, in most cases from December 1, 2022, to the present.  *See* Dkt. Nos. 76–78.  This request implicates legitimate privacy interests.  Even though Lively has narrowed her request to exclude

3

the content of calls or messages, the phone records themselves would still contain sensitive information regarding which doctors, psychologists, or even acquaintances the Wayfarer Parties spoke to, and when. *See Syposs v. United States*, 181 F.R.D. 224, 226–28 (W.D.N.Y. 1998) (recognizing privacy interest in phone records); *Sovereign Partners Ltd. P'ship v. Rest. Teams Int'l, Inc.*, 1999 WL 993678, at *4 (S.D.N.Y. Nov. 2, 1999) (same); *Morano v. Slattery Skanska, Inc.*, 846 N.Y.S.2d 881, 885–86 (N.Y. Sup. Ct. 2007) (same). [2] Lively has identified no means to segregate those numbers that may have some relevance to her case from those numbers that would have no relevance and would reveal sensitive personal information.

Lively mainly argues that the Subpoenas will help to identify "the larger network of individuals" who perpetuated a negative media campaign against her. Dkt. No. 95. But according to Lively's complaint, this negative campaign did not begin until approximately August 2024. *See* Dkt. No. 84 ¶¶ 23–26, 28 (describing actions taken in early August 2024 as

---

[2] Lively notes that an individual has no legitimate privacy interest under the Fourth Amendment in numbers dialed on a phone. *See Smith v. Maryland*, 442 U.S. 735, 742 (1979). However, this does not prevent the Wayfarer Parties from having a privacy interest in their phone records. A privacy interest which is not protected by the Fourth Amendment may nevertheless exist pursuant to a state or federal statute or the common law. *See Syposs*, 181 F.R.D. at 227 (distinguishing the Fourth Amendment protections applicable to criminal investigations from the "less stringent thresholds" applicable to civil discovery); *Mintz v. Mark Bartelstein & Assocs., Inc.*, 885 F. Supp. 2d 987, 995–99 (C.D. Cal. 2012) (noting that state law governs the assertion of a privacy interest in diversity cases, and finding a privacy interest in phone records under California law); *cf.* Fed. R. Evid. 501 (providing that in a diversity case, the assertion of a privilege is governed by state law). Notably, although bank records are also not protected by the Fourth Amendment, *see United States v. Miller*, 425 U.S. 435, 442 (1976), bank records are the paradigmatic example of information for which a privacy interest confers standing to object to a subpoena, *see Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp. 3d 199, 202 (S.D.N.Y. 2023) ("Courts in this Circuit have found that individuals whose banking records are subpoenaed have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution." (alterations and quotation marks omitted)); *Solow*, 2008 WL 190340, at *3 (collecting cases); *Syposs*, 181 F.R.D. at 227. Similarly here, the Wayfarer Parties have an privacy interest in their communications with non-parties, even though this interest is not protected by the Fourth Amendment.

4

"the beginning" of the plan to destroy Lively's reputation). It is therefore unclear how communications to and from Wayfarer Parties in 2022 and 2023 would reveal individuals who participated in the campaign. More generally, Lively has not provided a basis to believe that the broad discovery she seeks will reveal information regarding unknown participants in the negative media campaign proportionate to the burden on the Wayfarer Parties' privacy interests. *See Gilead Scis., Inc. v. Khaim*, 2024 WL 4675191, at *7 (E.D.N.Y. Nov. 5, 2024). Lively's complaint already identifies many individuals who allegedly participated in a negative media campaign. *See id.* ¶¶ 193–278. Lively may make discovery requests tailored to those individuals. She is permitted to use the tools of discovery to identify the contact information or telephone numbers for those individuals. Even assuming additional individuals participated in the alleged campaign, the hope that discovery will turn up information on such participants does not justify the broad scope of the Subpoenas. *See Walsh v. Top Notch Home Designs Corp.*, 2022 WL 3300190, at *6 (E.D.N.Y. Aug. 11, 2022); *N'Diaye v. Metro. Life Ins. Co.*, 2018 WL 2316335, at *7 (S.D.N.Y. May 8, 2018); *Tottenham v. Trans World Gaming Corp.*, 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002).[3]

The Subpoenas must be quashed to the extent they seek the phone records of the Wayfarer Parties. This ruling is without prejudice to the Lively parties' service of modified subpoenas more narrowly tailored to reveal relevant information.

However, the Wayfarer Parties have not demonstrated standing to object to the Subpoena requests seeking the phone records of non-parties. "[A] party demonstrates standing to challenge

---

[3] Lively has also suggested that the phone records may speak to "when and how the defendants and witnesses learned about Ms. Lively's harassment allegations." Dkt. No. 82 at 3. What type of information Lively seeks to discover in this regard, and how it is relevant to her claims, has not been further explained. The ruling here is without prejudice to Lively's use of subpoenas targeted to reveal the particular information relevant to her claims of harassment and retaliation.

5

a subpoena directed to a non-party by showing that he or she seeks to protect a personal privilege, right, or interest." *United States v. Bergstein*, 302 F. Supp. 3d 580, 584 (S.D.N.Y. 2018); *see* Arthur R. Miller, 9A Fed. Prac. & Proc. Civ. (Wright & Miller) § 2459 (3d ed. 2024). The Wayfarer Parties may assert a privacy interest in their own phone records, but they have not provided any basis for asserting an interest in the communications of non-parties. *See US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012) ("PHL has no proprietary interest in the internal communications of the nonparties."). Therefore, the Wayfarer Parties' motion is denied as to the portions of the Subpoenas which seek the phone records of non-parties.

The motion to quash is GRANTED IN PART and DENIED IN PART.

SO ORDERED.

Dated: February 28, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge