# EXHIBIT 4

Raines Feldman Littrell LLP Letter,

dated April 8, 2025



1900 Avenue of the Stars, 19th Floor
Los Angeles, California 90067
Main: 310.440.4100

www.raineslaw.com

April 8, 2025

**VIA E-MAIL**
ehudson@manatt.com
SRoeser@manatt.com

Esra A. Hudson
Roeser, Stephanie
Manatt, Phelps & Phillips, LLP

Re:    **Blake Lively adv. Wayfarer Studios, LLC**

Dear Ms. Hudson:

We have now had a chance to review your letter dated March 28, 2025. In it, you demanded that we immediately cease our independent investigation of Blake Lively's complaint against Wayfarer Studios, LLC ("Wayfarer"). You further demanded that we identify every individual contacted and turn over all notes, communications, and recordings related to those interviews, under threat of court intervention and sanctions.

That demand is baseless, procedurally improper, and substantively indefensible. As experienced employment counsel, you are undoubtedly aware that the approach we have taken reflects not only legal compliance but standard workplace investigation practices. Your letter reflects a willful mischaracterization of our role and the protections afforded to such investigations. Your letter appears designed to obstruct a lawful process and chill the participation of witnesses who might otherwise assist in a fair, impartial fact-finding endeavor.

To reiterate what we told you on our February 12 call and again in our February 17 correspondence: we are not litigation counsel to Wayfarer and do not operate under any litigation or public relations strategy. This is not an adversarial role, and we conduct our work free from external pressures, including those arising from pending litigation. Your assertion that we are conducting an "illegitimate" investigation or that we have been "bought and paid for" is disingenuous.

The investigation is timely. As soon as Wayfarer learned of Ms. Lively's December 2024 complaint to the California Civil Rights Department, Wayfarer immediately took steps to retain our respective firms to initiate and conduct a neutral workplace investigation to investigate any unresolved claims. As you are well aware, Wayfarer has the absolute right to conduct this type of workplace investigation. *See, e.g.*, Cal. Gov. Code § 12940(k); N.Y. Exec. Law § 296-d; *Zakrzewska v. The New School*, 14 N.Y.3d 469 (2010); EEOC Enforcement Guidance on Harassment in the Workplace (June 2023), § IV(C)(3)(ii)(b).

Your claim that our investigation is a sham designed to interfere with litigation is equally baseless. If taken seriously, your position would effectively nullify the entire purpose of workplace investigations. To suggest that an employer loses its right and ability to investigate claims of misconduct merely because a lawsuit has been filed is unsupported by any legal authority. To the contrary, courts have repeatedly affirmed that the pendency of litigation does not extinguish an employer's duty to investigate. Nor does it negate the employer's right to gather relevant facts from willing witnesses, provided those efforts comply with applicable ethical and legal standards. *See Wellpoint Health Networks, Inc. v. Superior Court*, 59 Cal. App. 4th 110 (1997); *People v. Santana*, 80 Cal. App. 4th 1194 (2000).

Your allegation that we have misrepresented ourselves to witnesses is not only factually incorrect—it is reckless. In every instance, we have clearly identified ourselves as neutral investigators, disclosed our retention by Wayfarer, and emphasized that participation is entirely voluntary. For any witness we believe may be represented, we explicitly request counsel's contact information and confirm that their attorney is welcome to attend the interview. These outreach practices fully comply with Rule 4.3 of both the California and New York Rules of Professional Conduct. Your accusations to the contrary lack any evidentiary support and appear aimed solely at undermining the credibility of fellow members of the Bar without cause or justification.

Your claims regarding privilege are similarly misplaced. Independent workplace investigations conducted by outside counsel are routinely protected by attorney-client privilege and the attorney work-product doctrine. See *Upjohn Co. v. United States*, 449 U.S. 383 (1981); *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754 (D.C. Cir. 2014). As the courts have repeatedly held, this confidentiality is not a flaw but a feature—it ensures that employers and investigators can gather facts candidly, confidentially and fully. The public nature of this litigation only reinforces the importance of preserving confidentiality throughout the investigative process. Public scrutiny of an ongoing investigation can compromise witness candor, distort facts, and undermine the very neutrality we are bound to uphold. While Wayfarer may waive privilege after the investigation concludes, that is their decision. Until then, no legal authority compels the premature disclosure of privileged or protected work product.

*Even if* Wayfarer were to waive attorney-client privilege, that would not and could not compel the production of attorney work product, which the investigating attorneys hold. *See Coito v. Superior Court*, 54 Cal. 4th 480 (2012) (work product doctrine protects an attorney's impressions, conclusions, opinions, and legal research); *Hickman v. Taylor*, 329 U.S. 495 (1947) (work product is protected to preserve the adversarial process).

The notion that witness interviews may only occur through adversarial depositions is not supported by law. Courts have repeatedly recognized the right of parties, including non-litigators such as workplace investigators, to conduct interviews with witnesses outside of formal discovery. *See, e.g., Niesig v. Team I*, 76 N.Y.2d 363 (1990); *Snider v. Superior Court*, 113 Cal. App. 4th 1187 (2003). Investigators are not precluded from speaking to individuals with relevant information, and those individuals remain free to decline.



Page 3
Esra A. Hudson
Manatt, Phelps & Phillips, LLP

We see no lawful basis for ceasing an investigation authorized by federal and state law, and we have no intention of doing so absent a court order. We will continue to conduct ourselves in accordance with standard practices and our legal and ethical obligations as court officers. Moreover, we hereby demand that you discontinue making false and meritless assertions and reserve all rights, remedies and privileges. Your cease-and-desist letter constitutes unlawful interference with an ongoing investigation and is plainly meant to try to intimidate participants and obstruct the process.

Finally, we understand that you have asked us to accept service of subpoenas directed to members of the investigative team. We do not believe these subpoenas are appropriate or enforceable given the legal protections discussed above, but in any event, we will not be accepting service.

We remain committed to conducting this investigation with the independence, professionalism, and integrity that it requires and that the law demands.

Sincerely,

██████████
of Raines Feldman Littrell LLP

cc: ██████████████████████, Adam Investigations Counsel
██████████, Raines Feldman Littrell LLP
Litigation counsel for Ms. Lively at Willkie, Farr & Gallagher, LLP
Litigation counsel for Wayfarer Studios LLC and It Ends With Us LLC

