USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
BLAKE LIVELY, :
:
                             Plaintiff, :     24-cv-10049 (lead case);
:     25-cv-449 (member case)
      -v- :
:     MEMORANDUM &
WAYFARER STUDIOS LLC, JUSTIN BALDONI, :          ORDER
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE, :
STREET RELATIONS INC., :
:
                           Defendants. :
X
-------------------------------------------------------------------- :
:
WAYFARER STUDIOS LLC, JUSTIN BALDONI, :
JAMEY HEATH, IT ENDS WITH US MOVIE LLC, :
MELISSA NATHAN, JENNIFER ABEL, :
:
                         Plaintiffs, :
:
      -v- :
:
BLAKE LIVELY, RYAN REYNOLDS, LESLIE :
SLOANE, VISION PR, INC., THE NEW YORK TIMES :
COMPANY. :
:
                         Defendants. :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Consolidated Defendant The New York Times Company ("NY Times") moves, pursuant to Federal Rule of Civil Procedure 26(c), for a stay of discovery as it relates to the NY Times pending a decision on its motion to dismiss. Dkt. No. 109. The motion is granted.

      "A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act." *Hong Leong Finance Limited (Singapore) v.*

*Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quoting *Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992)). Upon a showing of "good cause," however, the court may grant a motion to stay discovery pending decision on a motion to dismiss. *See* Fed. R. Civ. P. 16(b)(4) (discovery schedule "may be modified only for good cause and with the judge's consent"); Fed. R. Civ. P. 26(c)–(d); *see also Association Fe Y Allegria v. Republic of Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999) ("[T]ogether, these provisions enable the district court to stay discovery where resolution of a preliminary motion may dispose of the entire action."). "A stay must be justified based on (1) the breadth of discovery sought and the burden of responding to it; (2) the prejudice, if any, to the opposing party of an order granting a stay; and (3) the strength of the motion." *McSweeney v. Cohen*, 2024 WL 4108539, at *1 (S.D.N.Y. Sept. 5, 2024); *see Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)); *Bennett v. Cuomo*, 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023).

On January 31, 2025, Consolidated Plaintiffs Wayfarer Studios, LLC, Justin Baldoni, Jamey Health, It Ends With Us Movie, LLC, Melissa Nathan, Jennifer Abel, and Steve Sarowitz (the "Wayfarer Parties") named the NY Times as a defendant in their First Amended Complaint. Dkt. No. 50. The First Amended Complaint was served on the NY Times on February 7, 2025. Dkt. No. 73. On February 28, 2025, the NY Times filed a motion to dismiss the First Amended Complaint against it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. Dkt. No. 105. The NY Times's motion presents "substantial grounds for dismissal" and the NY Times has made a strong showing that its motion to dismiss is likely to succeed on the merits. *Cambridge Cap. LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021). Indeed, the Wayfarer Parties note that their complaint may need to be amended to address the issues raised by the motion to dismiss. *See* Dkt. No. 117 at 3.

2

The Wayfarer Parties argue that discovery against the NY Times will not be voluminous and burdensome because it will cover a relatively narrow time frame. But the burden of discovery is not measured only by the number of pages the movant will be required to produce but also by the complexity of the issues that discovery will present and the sensitivity of the documents that will be requested. *See, e.g.*, *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("intricacy of contractual provisions" and "complex" claims increases burden of discovery); *BAE Sys. Info. & Elec. Sys. Integration Inc. v. L3 Harris Cincinnati Elecs. Corp.*, 2023 WL 4187489, at *1 (S.D.N.Y. June 26, 2023) (fact that "a significant portion of discovery will include sensitive information" increases burden of discovery); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (risk of jeopardizing "delicate negotiations" increases burden of discovery); *see also* ECF No. 51, *Flynn v. Weissmann*, No. 24-cv-02409 (VSB) (S.D.N.Y. June 6, 2024) (staying discovery in defamation action based, in part, on the chilling effect costly discovery and litigation have on a publisher's First Amendment right to report newsworthy topics). The NY Times has indicated that to the extent discovery is sought against it, the NY Times intends to invoke its rights under New York's shield law. Dkt. No. 109 at 2; *see* N.Y. Civ. Rts. L. § 79-h. The reporter's privilege "is intended to protect the public's interest in being informed by 'a vigorous, aggressive and independent press,' by limiting the circumstances in which litigants may obtain access to press files through court-ordered discovery." *Chevron Corp. v. Berlinger*, 629 F.3d 297, 306–07 (2d Cir. 2011) (quoting *von Bulow v. von Bulow,* 811 F.2d 136, 144 (2d Cir. 1987)). The application of that law raises delicate and complicated issues which would increase the burden of responding to discovery. Moreover, the dimensions of the discovery that is permitted may vary depending on whether the NY Times is a defendant or a third party and

3

whether it was acting in a journalistic capacity or (as the Wayfarer Parties allege) as a co-conspirator with the Lively Parties. *See* Dkt. No. 50 ¶ 4; *Baker v. Goldman Sachs & Co.*, 669 F.3d 105, 108 (2d Cir. 2012) (qualified privilege may be overcome by a showing, among other things, that the information "is critical or necessary to the maintenance of a party's claim, defense or proof of an issue material thereto") (internal citations omitted); *Berlinger*, 629 F.3d at 307 ("Those who do not retain independence as to what they will publish but are subservient to the objectives of others who have a stake in what will be published have either a weaker privilege or none at all."); *Fowler v. Vary*, 2022 WL 3211638, at *7–8 (S.D.N.Y. Aug. 9, 2022). Those issues will invariably be affected by the Court's decision on the motion to dismiss.

Finally, the Wayfarer Parties are unlikely to be unfairly prejudiced by a stay while the Court decides the pending motion. The NY Times did not delay filing its motion; it filed the motion within 21 days of being served. The Court intends to address the motion to dismiss promptly after it is fully submitted. To the extent that the Wayfarer Parties are concerned about delay, they have it within their power to accelerate their contemplated further amended complaint or their opposition to the motion to dismiss. The Wayfarer Parties themselves suggest that discovery from the NY Times is unlikely to be voluminous. Dkt. No. 117 at 2. To the extent discovery is sought from the NY Times as a defendant, it can be requested if and when the Court denies the pending motion to dismiss. In the meantime, it is evident that the parties will be busy with document discovery from the other parties and with third party discovery. Depositions are not anticipated to begin soon. The Court hopes to decide the motion well before they do begin.

5

The motion to stay discovery as it relates to the NY Times is GRANTED. The Clerk of Court is respectfully directed to close Dkt. No. 109.

SO ORDERED.

Dated: March 4, 2025
      New York, New York

                                                            LEWIS J. LIMAN
                                                    United States District Judge