UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Blake Lively, et al.,**
    **Plaintiffs,**

v.

**Wayfarer Studios LLC, et al.,**
    **Defendants.**

**Case Nos.: 1:24-cv-10049-LJL; 1:25-cv-00449-LJL**

### MOTION TO QUASH SUBPOENA DIRECTED TO GOOGLE LLC

Linet Keshishian ("**Movant**"), a non-party to the above-captioned action and the subject of a subpoena issued to Google LLC, respectfully submits this Motion to Quash pursuant to Federal Rule of Civil Procedure 45(d)(3). Movant requests the Court to quash the subpoena seeking disclosure of personal data and content associated with Movant's Google account, including pseudonymous content published on YouTube or other social platforms operated by Google.

**I. BACKGROUND**

Movant is not a party to this case. On or about July 10, 2025, Movant received notice from Google LLC that it had been served with a subpoena seeking content and account information relating to Movant's Google account(s), including social media content published under both Movant's legal name and pseudonym. Movant was informed by Google that unless a motion to quash is filed and served by July 31, 2025, at 10:00 a.m. Pacific Time, the information may be disclosed.

Movant resides more than 100 miles from the Southern District of New York, has no direct involvement in this litigation, and is not a party to any dispute raised in the underlying action.

The Movant is an independent online commentator who has posted videos discussing the widely publicized case *Lively v. Wayfarer Studios LLC, 1:24-cv-10049* (S.D.N.Y.). It is important to note that this case is not the only subject the Movant addresses on social media.

The Movant has publicly stated multiple times that they have never received any payment for covering content related to Ms. Lively or the case *Lively v. Wayfarer Studios LLC, 1:24-cv-10049* (S.D.N.Y.). Additionally, the Movant has asserted that they have had no direct contact with anyone from Wayfarer Studios or Justin Baldoni.

## II. ARGUMENT

### A. The Subpoena Seeks Irrelevant and Overbroad Information

The subpoena seeks personal content and identifying account information from Google without any showing that such information is relevant to any claim or defense under Federal Rule of Civil Procedure 26(b)(1). It imposes an undue burden on Movant and fails to justify the breadth of information requested.

The subpoena seeks the following information about the Movant: (a) name, (b) email address(es), (c) phone number(s), (d) physical address, (e) backup/recovery email address or phone number, (f) subscriber registration details, (g) length of service (including start date) and any premium services used, (h) payment method and source (including any credit card or bank account numbers, or public blockchain data and addresses), (i) initial IP address used for registration, (j) IP addresses from May 1, 2024, to the present, including session dates and times, and (k) IP address used for video uploads.

This request is overly broad, intrusive, and not sufficiently focused on any legitimate legal interest. It is clear that Ms. Lively has no evidence of a smear campaign and is instead conducting an overreaching fishing expedition. The request is irrelevant, excessive, and appears to be intended as an intimidation tactic. At the time the Movant received the subpoena notice from Google, Movant had less than one thousand subscribers on YouTube, highlighting the extreme disproportionality of Ms. Lively's unfounded inquiry.

### B. The Subpoena Infringes on Movant's First Amendment Rights

Movant publishes some content under a pseudonym. Disclosure of identifying information would chill Movant's right to anonymous expression and implicates First Amendment protections. Courts have routinely required heightened scrutiny when subpoenas seek to unmask anonymous speakers.

This motion aims to safeguard the Movant's constitutional right to freedom of speech. The subpoena demands personally identifiable information—such as name, address, IP address, IP history, and financial data—without demonstrating that the content posted by Movant is relevant or actionable in the context of the underlying litigation. Issuing such a subpoena without a strong evidentiary foundation would infringe upon the Movant's right to protected online speech and violate the First Amendment.

The Movant has not participated in any defamatory or unlawful actions. The subpoena seems to focus on identifying critics or commentators involved in a widely publicized entertainment dispute. Requiring disclosure in this context amounts to retaliation against protected speech,

unless there is a clear demonstration of wrongful conduct. In *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), the Supreme Court underscored that discussions on public matters should remain free, vigorous, and open. The Court acknowledged that strong criticism, even if erroneous, is an essential element of freedom in a democratic society. To safeguard this open exchange of ideas, the Court ruled that a public official must prove actual malice with clear and convincing evidence before seeking damages. Therefore, Ms. Lively must provide compelling evidence to support her allegations of a "smear campaign" before she can access the Movant's private information. Content creators are entitled to freely engage with and question her claims in the context of an ongoing public case. The subpoena issued by Ms. Lively to those discussing this public lawsuit appears to be an attempt to intimidate and suppress valid criticism.

**C. The Subpoena Subjects Movant to Undue Burden**

Rule 45(d)(3)(A)(iv) mandates quashing a subpoena that subjects a person to undue burden. Movant is a private individual who now faces a disclosure of personally identifying and expressive data. As a non-party located outside the subpoena's jurisdiction, this burden is unwarranted.

The wide-ranging scope of the information requested in the subpoena, much of which pertains to private details, poses a significant risk to the Movant's privacy and safety. Ms. Lively, as a high-profile actress with over forty million social media followers, holds considerable influence. The power imbalance between the Movant and the Plaintiff is substantial. Given the high level of publicity surrounding Ms. Lively's case, it is crucial for the Movant to protect sensitive personal information to prevent the risk of being doxxed.

**III. CONCLUSION**

Movant respectfully requests that this Court:

1. Quash the subpoena directed to Google LLC seeking Movant's Google account information;

2. Bar Google from disclosing any personal data or content related to Movant without further order of the Court; and

3. Grant any such further relief as the Court deems just and proper.

Dated: July 25, 2025

Respectfully submitted,

/s/ Linet Keshishian
Pro Se Movant

2155 Verdugo Blvd #715
Montrose, CA 91020
(323) 488-4702