USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
WAYFARER STUDIOS LLC, JUSTIN BALDONI, :
JAMEY HEATH, IT ENDS WITH US MOVIE LLC, :
MELISSA NATHAN, JENNIFER ABEL, STEVE :   25-cv-449 (consolidated for
SAROWITZ, :   pretrial purposes with 24-cv-
 :   10049)
           Plaintiffs, :
 :   MEMORANDUM AND
           -v- :   ORDER
 :
BLAKE LIVELY, RYAN REYNOLDS, LESLIE :
SLOANE, VISION PR, INC., THE NEW YORK TIMES :
COMPANY, :
 :
           Defendants. :
                                                                 X
----------------------------------------------------------------- :

LEWIS J. LIMAN, United States District Judge:

Defendant The New York Times Company ("*The Times*") moves, pursuant to Federal Rule of Civil Procedure 54(b), for entry of final judgment in its favor and against Consolidated Plaintiffs Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends With Us Movie LLC, Melissa Nathan, Jennifer Abel, and Steve Sarowitz (the "Wayfarer Parties"). *See Lively v. Wayfarer Studios, LLC*, No. 24-cv-10049 (the "Lively Action"), Dkt. No. 773 (S.D.N.Y. Sept. 12, 2025).[1] The Wayfarer Parties have not filed an opposition.

Federal Rule of Civil Procedure 54(b) permits the Court to enter partial final judgment when it has made a final decision with respect to one or more, but not all, claims in a case. The entry of final judgment in that circumstance starts the time running for an appeal. *See Keshner v. Nursing Pers. Home Care*, 747 F.3d 159, 163 (2d Cir. 2014) ("Of course, once the District Court

---

[1] All citations to docket entries refer to the ones in this case, No. 25-cv-449, unless the entries begin with "Lively Action," in which case they refer to case No. 24-cv-10049.

in the pending case entered a partial judgment under Rule 54(b), the time to appeal that judgment began upon its entry."). The Rule provides in pertinent part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

On June 9, 2025, the Court granted Defendants' motions to dismiss and dismissed the complaint in its entirety. Dkt. No. 142. Although the Court granted the Wayfarer Parties (and not *The Times*) leave to file an amended complaint by June 23, 2025, the Wayfarer Parties did not do so. Thus, it appears (with one possible exception detailed below) that the decision became final as of June 23, 2025, as to all parties.

*The Times*' motion is predicated on the mistaken notion that the Court's order dismissing the complaint in this case will not become final until after a final decision is rendered in the Lively Action. The Court consolidated this case with the Lively Action pursuant to Federal Rule of Civil Procedure 42(a)(2) by order of January 30, 2025. Dkt. No. 49. But the effect of that order was not to make the time to appeal a final judgment in this case run from a final judgment in both cases. Rule 42 does not have such an effect. As the Supreme Court has clarified, even when cases are consolidated, "constituent cases retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing party." *Hall v. Hall*, 584 U.S. 59, 77 (2018).

The Court has not entered a "separate document" reflecting the judgment in this case, *see* Fed. R. Civ. P. 58(a), nor have 150 days run from the date of the Court's June 9, 2025 Order, *see* Fed. R. App. P. 4(a)(7). Accordingly, the parties are directed to show cause by no later than

October 24, 2025, why final judgment should not be entered, and why *The Times*' motion should not be dismissed as moot. In doing so, the parties should address whether any pending motions for fees and costs, including those brought under anti-SLAPP statutes, mean that the decision in this case is not in fact final as to all parties.

    SO ORDERED.

Dated: October 17, 2025
       New York, New York

                                    LEWIS J. LIMAN
                               United States District Judge