PC9LLIVC

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  BLAKE LIVELY,

4             Plaintiff,

5        v.                          24 Civ. 10049 (LJL)
                                     25 Civ. 00779 (LJL)
6  WAYFARER STUDIOS LLC, ET AL.,
                                     Conference
7
             Defendants.
8
   ------------------------------x
9                                    New York, N.Y.
                                     December 9, 2025
10                                   10:30 a.m.

11 Before:

12                 HON. LEWIS J. LIMAN,

13                                   District Judge

14                    APPEARANCES

15 WILLKIE FARR & GALLAGHER
        Attorneys for Plaintiff Blake Lively
16 BY:  MICHAEL GOTTLIEB
        AARON E. NATHAN
17      -and-
   MANATT, PHELPS & PHILLIPS
18 BY:  MATTHEW F. BRUNO

19 LINER FREEDMAN TAITELMAN COOLEY, LLP
   BY:  BRYAN FREEDMAN
20      ELLYN GAROFALO
        Attorneys for Defendants Wayfarer Studios LLC, Justin
21      Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us
        Movie LLC, Melissa Nathan, Agency Group LLC, and Jennifer
22      Abel
        -and-
23 MEISTER SEELIG & FEIN LLP
   BY:  MITCHELL SHUSTER
24      KEVIN FRITZ
        -and-

25

PC9LLIVC

1                              APPEARANCES (Continued)

2   SHAPIRO ARATO BACH LLP
    BY:  JONATHAN BACH
3        ALEXANDRA SHAPIRO

4   QUINN EMANUEL URQUHART & SULLIVAN, LLP
         Attorneys for Third-Party Defendant Jonesworks, LLC, and
5        Stephanie Jones
    BY:  MORGAN L. ANASTASIO
6        MAAREN SHAH
         KRISTIN TAHLER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PC9LLIVC

```
 1              (Case called)

 2              MR. GOTTLIEB:  Good morning, your Honor.  Mike

 3    Gottlieb from Willkie Farr & Gallagher on behalf of Blake

 4    Lively and Ryan Reynolds.

 5              MR. NATHAN:  Good morning, your Honor.  Aaron Nathan

 6    from Willkie Farr & Gallagher on behalf of Blake Lively and

 7    Ryan Reynolds.

 8              MR. BRUNO:  Good morning, your Honor.  Matthew Bruno

 9    of Manatt, Phelps & Phillips on behalf of Plaintiffs.

10              MS. SHAH:  Good morning, your Honor.  Maaren Shah from

11    Quinn Emanuel on behalf of Stephanie Jones and Jonesworks.

12              MS. TAHLER:  Good morning, your Honor.  Kristin Tahler

13    from Quinn Emanuel on behalf of Stephanie Jones and Jonesworks.

14              MS. ANASTASIO:  Good morning, your Honor.  Morgan

15    Anastasio also with Quinn Emanuel for Stephanie Jones and

16    Jonesworks.

17              THE COURT:  Good morning.

18              MR. FREEDMAN:  Good morning, your Honor.  Bryan

19    Freedman on behalf of Wayfarer Studios LLC, It Ends With Us

20    Movie LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, Melissa

21    Nathan, Agency Group, and Jennifer Abel.

22              THE COURT:  Good morning.

23              MS. GAROFALO:  Good morning, your Honor.  Ellyn

24    Garofalo on behalf of the Wayfarer defendants.

25              MR. BACH:  Good morning, your Honor.  Jonathan Bach on
```

PC9LLIVC

1   behalf of the same defendants.

2           MS. SHAPIRO:  Good morning, your Honor.  Alexandra

3   Shapiro also on behalf of the defendants.

4           THE COURT:  Welcome to the case, Mr. Bach and

5   Ms. Shapiro.

6           MR. SHUSTER:  Good morning, your Honor.  Mitchell

7   Shuster from Meister Seelig & Fein on behalf of the defendants.

8           MR. FRITZ:  Good morning, your Honor.  Kevin Fritz

9   from Meister Seelig & Fein on behalf of the same parties.

10          THE COURT:  Good morning, all.  All right.  So we are

11  here for a post-discovery conference.  Let me hear first from

12  Mr. Gottlieb about the status of the case.  Then I will hear

13  from counsel for Jonesworks.  Then I will hear from the

14  defendants.

15          MR. GOTTLIEB:  Would you like us at the podium, your

16  Honor?

17          THE COURT:  Whatever suits you.  The podium would be

18  helpful.

19          MR. GOTTLIEB:  So, your Honor, the progress of

20  discovery is, from our perspective at least, that it's nearly

21  complete.  There are expert depositions occurring this week

22  that should be completed -- will be completed by this Friday.

23  I think there's five more that are occurring.  And as far as

24  fact discovery goes, there are certain pending motions that we

25  think continue to require resolution by the Court, and I will

1    address which ones those are.  But other than that, in our

2    view, we are on track to complete the required tasks by the

3    conclusion of expert discovery at the end of this week.

4          The motions that we believe are pending and require

5    resolution prior to trial, we believe that there is the

6    spoliation motion, which as of last night has been fully

7    briefed, and that motion is ripe for decision.  In our view,

8    the spoliation motions should be -- and we have laid this out

9    in our papers -- we would like it to be decided in conjunction

10   with the motions for summary judgment for a number of reasons

11   that we have laid out already in the papers, one of which is

12   that adverse inferences may be relevant to the Court's decision

13   on summary judgment, and we have cited some authority for that

14   proposition in the briefs.

15         The other is that if adverse inferences or preclusion

16   instructions are granted, as we have requested, that will, in

17   our view, narrow issues for trial and also affect trial

18   preparation as we are entering the pretrial period.  And so for

19   that reason, we would ask that the spoliation motion be

20   resolved at the Court's earliest available opportunity.

21         We are not certain whether the Court will want to hold

22   a hearing on that pending motion, but to the extent the Court

23   wants to hold a hearing, we are, of course, prepared to appear

24   for a hearing and provide whatever the Court feels is necessary

25   in terms of argument or evidence with respect to that motion.

PC9LLIVC

 1   But that's, sort of, our first order of business from our

 2   perspective.

 3            The other motions that, in our view, are pending that

 4   would be useful to have resolution in advance of trial, or at

 5   least action along a schedule, there is Ms. Lively's 47.1

 6   motion, California 47.1 motion, that is fully briefed and

 7   awaiting further action from the Court.  In that motion,

 8   Ms. Lively has raised claims under California Statute, Civil

 9   Code Section 47.1 requesting treble damages, punitive damages,

10   as well as attorney's fees as a result of the retaliatory

11   claims as argued in the motion brought by the Wayfarer parties

12   against Ms. Lively for exercising her protected rights.

13            It's our position, again, as we have laid out in the

14   briefing -- and this is in Docket No. 743 -- that this motion

15   should be decided prior to trial in part because of the

16   statutory purpose laid out by Section 47.1 that is designed to

17   make the statute's remedies available at the earliest stage of

18   litigation, while also serving the statutory purpose of

19   deterring retaliatory litigation.

20            As we have laid out in the papers, we are able to,

21   ready to participate in an evidentiary hearing on this should

22   the Court deem it necessary.  We have sort of, I think,

23   outlined our thinking as to why further hearings may not be

24   necessary on this, but we are certainly prepared to participate

25   in one should the Court set it.  But we think, in any event, a

PC9LLIVC

1    schedule ought to be put in place in order to try to harmonize

2    that process alongside the trial schedule that is set for

3    March 9.

4          Apart from that motion, there is also pending and

5    fully briefed motions under Rule 11 that have been filed in the

6    same action, the Wayfarer parties' actions brought against

7    Ms. Lively and Mr. Reynolds.  Those motions are fully briefed

8    and pending resolution by the Court, as well as the motion for

9    sanctions under New York Professional Conduct Rule 3.6 that

10    is -- a motion for sanctions.  With respect to the Rule 11

11    motions, the same rationale, we think, applies, that a schedule

12    ought to be set.  To the extent the Court needs to potentially

13    take evidence or wants to hold a hearing on those, we think

14    that ought to be harmonized with the trial schedule in this

15    case and could proceed expeditiously in advance of trial if the

16    Court has time for it.

17          With respect to the 3.6 motion, we do think it makes

18    sense to resolve that prior to trial in light of the likely

19    publicity that will take place around the trial, and it would

20    be useful to have the Court's ruling and guidance with respect

21    to those pending issues before we get into that period.

22          Other than those --

23          THE COURT:  Of course, with respect to trial

24    publicity, that can also be addressed through a motion in

25    limine.  And my assumption has been that there are going to be

PC9LLIVC

1    a number of issues that are raised with respect to sealed

2    material and trial publicity that the parties will want to

3    raise in motions in limine on both sides.

4            Is that an unfair assumption on my part?

5            MR. GOTTLIEB:  I assume there will be issues that --

6    in the sealing motions that address -- have potential spillover

7    effect into publicity just because it will affect what

8    documents are out in the public domain or not.  But I don't

9    think those motions will implicate the, sort of, proper scope

10   of attorney statements to the press and to the media, which is

11   the subject of the pending 3.6 motion.

12           So it's not clear to me that the Court would need to

13   wait for resolution of either the pending sealing motions or

14   whatever motions in limine are made about testimony that may

15   happen in court when the 3.6 motion is really addressed at

16   media statements and media appearances that will be happening

17   outside of court.

18           THE COURT:  I understand your interest in having the

19   motion addressed.  I was actually thinking ahead to motions in

20   limine, whether there might be a motion in limine with respect

21   to trial publicity.  I don't know if you have gotten that far

22   in your thinking.

23           MR. GOTTLIEB:  I don't think we have, your Honor.  I

24   think, you know, we obviously have the deadline for motions in

25   limine in mind and are thinking about different motions we are

PC9LLIVC

1    likely to file, but I don't think we have gotten quite that far

2    along.

3              Other than those motions, your Honor, obviously, we

4    have the various sealing motions that will be filed.  In our

5    view, given that there will be numerous sealing motions that

6    are expected to be filed next week, our view is that it's

7    probably most efficient, or we think it would be most efficient

8    for the Court just to decide all of those together.  But we

9    don't have a strong feeling on the sequencing of the various

10   sealing motions that may exist.

11             THE COURT:  It will not surprise you that I have got

12   some thoughts with respect to sealing.  It also probably will

13   not surprise you that I have tried to turn to the sealing

14   motions relatively quickly, given the First Amendment issues

15   that are involved whenever documents are filed under seal.

16             MR. GOTTLIEB:  Yes.

17             THE COURT:  I will get to that after I have heard from

18   everybody and have a chance to absorb what folks are saying.

19             MR. GOTTLIEB:  Your Honor, we understand that and

20   appreciate it.

21             Other than those motions, your Honor, we believe that,

22   sort of, takes care of the pending motions from our

23   perspective.

24             THE COURT:  All right.  Let me hear from counsel for

25   Jonesworks.

PC9LLIVC

1          MS. SHAH:  Thank you, your Honor.  Maaren Shah for

2    Stephanie Jones and Jonesworks.

3          So, as your Honor knows, we have our separate case,

4    *Jones v. Abel, et al.*, with its motions and deadlines, and we

5    also are a third-party defendant in the Lively case with

6    respect to Jennifer Abel's claim for indemnification in that

7    case.  So I will try to address those both separately in the

8    different actions.

9          Starting with the Lively case, we are on the same

10   discovery schedule as the Lively case, and so, you know,

11   everything that Mr. Gottlieb said applies to us too in terms of

12   where we are in discovery, which is all substantially

13   completed.  We are in the midst of expert discovery, and I will

14   get to those deadlines in a moment.

15         The outstanding motions that we have in the Lively

16   case are a spoliation motion that we filed on the same schedule

17   as Mr. Gottlieb's firm in the Lively case, which is fully

18   briefed, and defer to your Honor as to whether you would like

19   argument on that motion.  We also just filed yesterday --

20   forgive me.

21         In the Lively case --

22         THE COURT:  You also indicated that in the Lively

23   case, that you intend to seek a severance; is that right?

24         MS. SHAH:  Yes, your Honor.  I was just about to get

25   to that.  So in that case we also have Jennifer Abel's motion

PC9LLIVC

1    for summary judgment on indemnification, which I believe will

2    be fully briefed by Friday.  Those are the two outstanding

3    motions from us in the Lively case.

4          We do intend to seek bifurcation in that case and

5    happy to address that if your Honor prefers.

6          THE COURT:  Well, let me ask you the question about

7    timing on that.

8          MS. SHAH:  Sure.

9          THE COURT:  Would it make sense for the Court to

10   resolve the issue of bifurcation at the same time as it

11   resolves the issue of summary judgment, the Wayfarer parties'

12   motion for summary judgment against Lively in the Lively

13   action?

14         It seems like it's hard for me to figure out whether

15   to bifurcate you when I am not 100 percent sure what I am

16   bifurcating you from.

17         MS. SHAH:  I think that does make good sense, your

18   Honor.  To the extent that the motion may limit the issues or

19   at least clarify the issues, I think it makes sense to decide

20   bifurcation perhaps along the same timeline as you decide the

21   summary judgment motion in Lively and Abel's summary judgment

22   motion in Lively on the indemnification claim, yes.

23         THE COURT:  And if I were to grant your motion for

24   bifurcation, I take it there is no particular urgency with

25   respect to spoliation.  You would just want that to be resolved

PC9LLIVC

1    before you were to go to trial on your case.

2              MS. SHAH:  I think that's right, your Honor.  I think

3    that's right.  For our purposes, as you know, we are seeking an

4    adverse inference and preclusion in the spoliation motion on

5    Abel's arguments with respect to indemnification.  So I do

6    think I agree with your Honor that we would be happy to have

7    that decided in advance of our portion of the trial on

8    indemnification.

9              THE COURT:  Anything else I should know from you?

10             MS. SHAH:  Yes.  In the separate case that we have,

11   *Jones v. Abel,* we still have expert discovery ongoing, which is

12   on a different schedule than the Lively case.  So we have

13   filed -- served expert opening reports.  Expert rebuttal

14   reports are due at the end of this month, and then the parties

15   have agreed to a mid January deadline for the completion of

16   expert depositions.

17             Past that deadline, we don't have any current pretrial

18   deadlines for motions for summary judgment in that case,

19   pretrial motions or a trial date, which we defer to your Honor

20   as to whether you would like to set a further schedule today.

21   But we do still need a further scheduling order for the

22   remainder of our case.

23             THE COURT:  Have you in *Jones v. Abel* discussed with

24   your adversary any proposals with respect to summary judgment

25   deadlines?

PC9LLIVC

1          MS. SHAH:  We have not, but we are happy to confer and

2     do that and make a proposal to your Honor in writing in a joint

3     letter.

4          THE COURT:  OK.

5          MS. SHAH:  In addition, in the *Jones v. Abel* case, we

6     have two outstanding motions.  One is our motion to dismiss

7     Wayfarer's counterclaims, which has been pending.  And the

8     second is, last night we filed a motion to amend that complaint

9     on a few narrow grounds, essentially to conform the defendants

10    and two additional causes of action to facts uncovered in

11    discovery, and so that is pending.

12         We have not had a chance to come to ground with the

13    Wayfarer parties -- I am sure you will hear from them -- as to

14    whether they intend to oppose that motion to amend or not.  We

15    fully understand they probably need time to consider it now

16    that we have filed it, and come to a position on that.  So we

17    are also happy to confer with them after the conference, once

18    they have had a chance to evaluate the pleading, whether they

19    intend to oppose and, if so, what a briefing schedule on that

20    might look like, if that is helpful for your Honor.

21         THE COURT:  OK.  One of my preliminary thoughts with

22    respect to *Jones v. Abel*, having looked at your motion to

23    amend, is that I would not require summary judgment papers and

24    clearly would not issue a ruling with respect to summary

25    judgment until I decide the motion to amend.

PC9LLIVC

1          MS. SHAH:  I think that makes good sense, your Honor.

2          THE COURT:  All right.  Thank you.

3          MS. SHAH:  Thank you.

4          Mr. Freedman.

5          MR. FREEDMAN:  Thank you, your Honor, and good

6     morning.

7          From a readiness standpoint, we don't disagree with

8     Mr. Gottlieb with respect to where we are, what outstanding

9     motions there are, all of those.  What we do believe strongly

10    is that the motion for judgment on the pleadings and the

11    motions for summary judgment should be decided, and that will

12    dictate everything else in terms of limitation of the case.

13    And we think those are the primary motions that should be

14    decided.

15          With respect to the spoliation motion, depending upon

16    how the Court rules on the summary judgment motions and the

17    motion for judgment on the pleadings, in particular with

18    respect to extraterritoriality, may obviate the need for the

19    Court to even rule on the spoliation motion.  But we defer to

20    the Court on what the Court wants to do in terms of handling

21    those in an omnibus fashion or dealing with those concurrently

22    with the motion for judgment on the pleadings and motions for

23    summary judgment.

24          THE COURT:  Anything else from you, Mr. Freedman?

25          MR. FREEDMAN:  No, that is it.  We interestingly agree

PC9LLIVC

1    on many of the issues.

2                    THE COURT:  All right.

3                    MR. FREEDMAN:  Thank you, your Honor.

4                    THE COURT:  So let me give you some thoughts.  First

5    of all, one thing that Mr. Gottlieb did not mention but that is

6    before the Court is the dispute with respect to the parties on

7    privileged documents.  And I am putting an order on the docket

8    today, it may have even issued, that calls for the privileged

9    documents to be produced to the Court in camera for the Court

10   to review, and I will try to give you an answer on those before

11   the end of the year.

12                   I am going to refer the parties in both cases to

13   Magistrate Judge Cave for settlement purposes.  I don't have a

14   view with respect to settlement.  I never have a view with

15   respect to settlement.  I am here to resolve legal issues and

16   to try cases, but you are directed to contact her chambers for

17   settlement purposes.

18                   On the material submitted under seal, I would like --

19   I really would benefit from the parties' thoughts on how to

20   efficiently handle the sealing process.  It's ended up

21   consuming a fair amount of the Court's time.  I am sure it's

22   taken up a fair amount of the parties' time.  I am very

23   sensitive to the interests of the public in making sure that

24   they get access to everything that the public is entitled to

25   get access to.  With respect to summary judgment there is a

PC9LLIVC

1    presumption of public access.  There needs to be weighty

2    countervailing interest to overcome that presumption.

3         My immediate thought is to direct the parties to meet

4    and confer with respect to whether there are certain documents

5    and certain informational documents that the parties agree

6    should be filed under seal.  The easiest category are telephone

7    numbers and e-mail addresses, which I have routinely permitted

8    to be filed under seal.  But by mentioning those, I don't mean

9    to exclude any other categories or to say that other categories

10   have to be analogous to those.  But it does seem to me that the

11   burden on the Court and the parties might be easiest if you can

12   just identify for me, and identify for me in a way that I can

13   reduce to an order what can be filed under seal.

14        December 19 is the deadline for sealing motions, so I

15   would like the agreed-upon sealing motions to be filed on

16   December 19.  That said, if after this conference you meet and

17   confer and decide you need a little bit more time, and I say

18   just a little bit more time, to meet and confer, to deal with

19   this massive amounts of information, send me a letter, and as

20   long as it's a reasonable request, keeping in mind the

21   interests of the public, I will likely grant it.

22        There also is, with respect to materials under seal,

23   the issue of audiotapes and videotapes that we have confronted

24   earlier in this case.  You are all aware, and I think the

25   public is now aware, that audiotapes and videotapes cannot be

PC9LLIVC

1    filed on ECF.  The way we have handled it in the past and the

2    way I am directing it be handled is that you provide to the

3    Clerk of Court CDs with the audio or video material that has

4    been unsealed.  You provide that to the Clerk of Court within

5    two days of an order unsealing that information along with a

6    copy of the Court's order unsealing the audio and video

7    information so that any member of the public who wants it can

8    go to the Clerk's Office and get a copy of it.

9            Also on the subject of sealing, if there is

10   information as to which a party makes a sealing request, keep

11   in mind that the justification at this stage particularly

12   cannot be generic.  I say that again because there is a

13   presumption of public access, and there must be weighty

14   countervailing interest to overcome that presumption.  If the

15   justification is generic and not sufficiently specific, I am

16   not going to imagine grounds under which the information might

17   be permitted to be sealed.  I am going to honor the public's

18   interest in the information and reject the motion to seal.

19           Mr. Freedman, you can sit down.

20           MR. FREEDMAN:  Thank you, your Honor.

21           THE COURT:  If you want to address the Court or

22   anybody wants to address the Court afterwards, they can.

23           I take Mr. Freedman's point that it's going to be very

24   useful for the parties to know where the Court comes out on

25   summary judgment in thinking about preparing for trial.  And I

PC9LLIVC

1   am prepared to hear oral argument on the motion for summary

2   judgment alongside the Lively spoliation motion.  I have not

3   reached a conclusion as to whether argument would be useful on

4   the 47.1 point raised by Mr. Gottlieb.

5             I would like to have argument on January 22 at

6   9:30 a.m.  Does that present a problem for any counsel?

7             MS. SHAPIRO:  Your Honor, I don't think that presents

8   a problem for us, but January 23 is the date that motions in

9   limine --

10            THE COURT:  I am going to get to that in a moment.

11            MS. SHAPIRO:  Sorry.

12            MS. SHAH:  Your Honor, just a point of clarification

13   for us.  I notice you said the Lively spoliation motion.  Is

14   that to the exclusion of the Abel?

15            THE COURT:  It is.  I used my words advisably.

16            MS. SHAH:  I can imagine.

17            THE COURT:  Mr. Gottlieb.

18            MR. GOTTLIEB:  Subject to whatever the Court is about

19   to say on the motions in limine, we are available on the 22nd.

20            THE COURT:  With respect to motions in limine, and

21   with respect to trial, unfortunately -- and I have tried hard

22   to avoid this -- I am going to have to push back the trial from

23   the scheduled trial date.  I have, as things currently stand,

24   two criminal trials scheduled for March, and as important as

25   this case is, criminal trials take precedence.  And I also have

PC9LLIVC

1   in mind that there are a number of motions that are pending or

2   that will be fully submitted very soon that the parties really

3   need answers on before they file motions in limine,

4   Ms. Shapiro's point.  So I have noted down that I would like to

5   move the trial to May 18, 2026.  It's moving it back about two

6   months.  I am prepared to have the final pretrial conference on

7   April 21 at 10:30 a.m., with the joint pretrial order, motions

8   in limine, jury instructions, and voir dire due on March 20,

9   and oppositions and responses due on March 27.

10          Note that for the joint pretrial order, in addition to

11  following the format that is in my individual practices, the

12  parties should add anything else that needs to be addressed at

13  the final pretrial conference.  I am thinking -- and this is

14  not by way of exclusion -- issues with respect to how to treat

15  materials that have been filed under seal or that are

16  confidential.  But I am sure with this group of lawyers there

17  will be other issues that you will want me to address.

18          On the Jonesworks, I will accept the offer that you

19  will meet and confer with respect to a schedule for the motion

20  to amend and the motion to bifurcate, and the motion for

21  summary judgment in *Jones v. Abel*.  Again, I think it would be

22  useful to have the motion for bifurcation to be fully submitted

23  shortly after the deadline for summary judgment argument,

24  shortly after January 22, 2026.  So try to work within that

25  schedule if you can so that I can address all of those issues

PC9LLIVC

1    at the same time.  And then -- that's for bifurcation.

2         On amendment, just meet and confer with your adversary

3    on the motion to amend.  Meet and confer with respect to how

4    far after I render decision on the motion to amend summary

5    judgment motions might be filed.  In all likelihood, after I

6    issue an order on the motion to amend, I will schedule a

7    conference with the parties, but it would be useful just to

8    have something on paper with respect to summary judgment.  And

9    I don't think there is anything else on *Jones v. Abel* that I

10   had.

11        Let me see if there are any questions from counsel for

12   Lively.  Then I will see if there are questions from counsel

13   for Jonesworks, and then I will go to the Wayfarer parties.

14        MR. GOTTLIEB:  Your Honor, I don't think I have

15   questions at this time.  I just want to flag for the Court that

16   I presently have another trial that is scheduled to start on

17   May 18 in Houston, Texas.  I will immediately go back and try

18   to harmonize the schedules, but, if necessary, may come back to

19   the Court with a letter on that.  But I will do my best to -- I

20   certainly understand the Court's scheduling needs and will try

21   to harmonize those schedules.  But other than that, no

22   questions for the Court.

23        THE COURT:  OK.

24        MS. SHAH:  No questions for us.  Thank you, your

25   Honor.

PC9LLIVC

1          MR. BACH:  Judge, I have the same issue as

2    Mr. Gottlieb.

3          THE COURT:  Not the same trial?  Maybe you can resolve

4    it.

5          MR. BACH:  And it's a week-long arbitration the week

6    before May 18.  But what I am inclined to do is to advise the

7    arbitrator that the federal court is not inclined -- I am one

8    of many moving parts -- the federal court is not inclined to

9    move the date.

10          THE COURT:  You would be accurate in representing that

11   to the arbitrator.

12          MR. FREEDMAN:  Your Honor, we have no questions.  We

13   want to reiterate we are available on all those dates that the

14   Court suggested.

15          THE COURT:  Is there anything else that any party

16   wants to raise with the Court?

17          MR. GOTTLIEB:  No, your Honor.

18          MS. SHAH:  No.  Thank you, your Honor.

19          MR. FREEDMAN:  No.  Thank you very much.

20          THE COURT:  OK.  Thank you all.

21          (Adjourned)

22

23

24

25