UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>    *Plaintiff*,<br><br>v.<br><br>WAYFARER STUDIOS LLC, *et al.*,<br><br>    *Defendants*. | No. 24-CV-10049 (LJL) (Lead Case) |
| WAYFARER STUDIOS LLC, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>BLAKE LIVELY, *et al.*,<br><br>    *Defendants*. | No. 25-CV-00449 (LJL) (Member Case) |

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE*
SANCTUARY FOR FAMILIES, NATIONAL ORGANIZATION FOR WOMEN,
NATIONAL ORGANIZATION FOR WOMEN NYC, WOMEN'S JUSTICE NOW,
NEW YORK CYBER ABUSE TASK FORCE, HERUNIVERCITY INC.,
WOMEN'S EQUAL JUSTICE, NEW YORK CITY ALLIANCE AGAINST SEXUAL
ASSAULT, COALITION AGAINST TRAFFICKING IN WOMEN,
NATIONAL NETWORK TO END DOMESTIC VIOLENCE, ESPERANZA UNITED,
NEW YORK STATE ANTI-TRAFFICKING COALITION, HER JUSTICE, AND
URBAN RESOURCE INSTITUTE
IN SUPPORT OF DEFENDANT BLAKE LIVELY**

| | |
|---|---|
| John Terzaken (*pro hac vice* pending) | Sarah E. Phillips<br>Jacob Lundqvist<br>Damian P. Gallagher |
| SIMPSON THACHER & BARTLETT LLP<br>900 G. Street, N.W.<br>Washington, D.C. 20001 | SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, N.Y. 10017 |

*Counsel to Amici*

1

*Amici curiae* ("*Amici*")[1] respectfully move for leave to file a brief of *Amici* in support of Blake Lively's pending Motion to Dismiss the First Amended Complaint in the above-referenced actions.[2] *See* Lively Motion to Dismiss, ECF No. 144; Lively Mem. of Law in Support of Motion to Dismiss ("Lively Mem."), ECF No. 145.[3]

### INTERESTS OF *AMICI*

*Amici*, led by Sanctuary for Families, are leading nonprofit organizations, victim advocates, and professionals from around the world dedicated to advancing the safety and well-being of survivors of domestic violence. Collectively, *Amici* provide a broad range of legal and other services to victims and survivors of sexual violence, which broadly includes sexual assault, sexual harassment, stalking, and sexual exploitation. Annex A to *Amicis*' Proposed Brief (attached hereto as Exhibit 1) provides a description of *Amicis*' respective missions and contributions to address these critical issues.

*Amici* wish to advise this Court of the manner in which highly-publicized defamation lawsuits brought in response to a plaintiff's allegations of sexual harassment or other sexual violence creates a chilling effect on other victims of sexual violence seeking to protect themselves, report abusers, and raise awareness with the public. *Amici* also wish to provide helpful background to the Court on how Section 47.1 of the California Civil Code was meant to protect victims speaking out about sexual violence from retaliatory defamation claims. As active contributors and experts in the scholarship surrounding the dynamics of sexual violence, *Amici* are uniquely

---

[1] A full list of *Amici* is attached hereto as Annex A, which is included in Exhibit 1's Proposed Brief of *Amici Curiae* (the "Proposed Brief").

[2] No counsel for any party authored this Motion or the annexed Proposed Brief in whole or in part and no entity or person, its members, or its counsel made any monetary contribution intended to fund the preparation or submission of this Motion or the annexed Proposed Brief.

[3] Unless otherwise indicated, all citations to the record refer to those filed on the docket for Case No. 24-CV-10049 (LJL) (Lead Case).

1

qualified to assist the Court in understanding the interests of victims with respect to this issue of common concern.

## LEGAL STANDARD

While there is no governing rule of procedure for amicus briefs in the district court, "'[i]t is well established that a district court has broad discretion to grant or deny an appearance as amicus curiae in a given case.'" *Johnson v. United States*, No. 24-CV-00872 (DEH), 2024 U.S. Dist. LEXIS 81259, at *1–2 (S.D.N.Y. May 2, 2024) (quoting *Picard v. Greiff*, 797 F. Supp. 2d 451, 452 (S.D.N.Y. 2011)) (additional citations omitted); *see also United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992) ("District courts have broad discretion to permit or deny the appearance of amici curiae in a given case."), *aff'd*, 980 F.2d 161 (2d Cir. 1992).

*Amicus* briefs are often permitted where "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *C&A Carbone, Inc. v. County of Rockland*, No. 08-CV-06459 (ER), 2014 U.S. Dist. LEXIS 38658, at *13 (S.D.N.Y. Mar. 24, 2014). *Amicus* briefs may be particularly helpful and appropriate in "case[s] affected with the interest of the general public," such as the reporting of sexual harassment in the workplace. *Neversink Gen Store v. Mowi USA, LLC*, No. 20-CV-09293 (PAE), 2021 U.S. Dist. LEXIS 258476, at *3 (S.D.N.Y. Feb. 9, 2021) (quoting *Russell v. Bd. of Plumbing Exam'rs*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999)); *see also Andersen v. Leavitt*, No. 03-CV-06115 (DRH) (ARL), 2007 U.S. Dist. LEXIS 59108, at *7 (E.D.N.Y. Aug. 13, 2007) (citing 4 Am. Jur. 2d Amicus Curiae § 3 (updated May 2007) (footnotes omitted)).

## ARGUMENT

*Amici* respectfully submit that leave to file their proposed brief is proper here. Collectively, *Amici* represent a critical cross-section of non-profit organizations, victim advocates, and

professionals that focus their efforts on addressing sexual violence. *Amici's* Proposed Brief aims to provide a unique perspective not currently captured by the briefing submitted on Ms. Lively's pending motion to dismiss or other *amicus* briefs that have already been filed in this action.[4] *See C&A Carbone*, 2014 U.S. Dist. LEXIS 38658, at *13. Within the scope of the arguments presented in the briefing on Ms. Lively's motion to dismiss,[5] *Amici* intend to explain how perpetrators of sexual harassment or violence have increasingly used retaliatory litigation as a "DARVO" tactic (Deny, Attack, Reverse Victim and Offender) in the post-#MeToo era to attempt to silence their victims into submission, and how recent legislative enactments have been passed to address this tactic. The Proposed Brief proceeds in three parts:

*First*, the Proposed Brief explains what DARVO tactics are, how they are used by perpetrators both in workplace settings and through litigation, and the pervasive chilling effects they have in silencing victims of sexual violence. *Second*, the Proposed Brief outlines relevant legislative enactments in California (including Section 47.1 of the California Civil Code, which is a subject of Ms. Lively's motion to dismiss) and New York intended by state legislatures to protect the legal actions and speech of victims regarding sexual harassment. *Third*, *Amici* explain the broad impact the Court's application of Section 47.1 in this highly-publicized case will have on other victims hoping to speak out, including the potential to reduce the burden of defending against DARVO-motivated litigation. *Amici's* Proposed Brief seeks to provide this important, additional context to the Court in order to further the goal behind California's amended law of protecting victims who bravely make their voices heard in the fight against sexual violence.

---

[4] *See* Lively Mem.; Consol. Pls.' Mem. of Law In Opp'n to Def. Lively's Mot. to Dismiss Am. Compl. ("Pls.' Opp'n Mem."), ECF No. 162; Mot. to File Amicus Br. by Elyse Dorsey, ECF No. 241; Ltr. Mot. to File Amicus Br. by Equal Rights Advoc., the Cal. Emp. Law. Ass'n, and Cal. Women's L. Ctr., ECF No. 242; Mot. to File Amicus Br. by Child USA, ECF No. 275.

[5] *See* Lively Mem. at 18–21; Pls.' Opp'n Mem. at 18–19.

**CONCLUSION**

For the foregoing reasons, *Amici* respectfully request that this Court grant leave to file the Brief of *Amici Curiae* Sanctuary for Families, National Organization for Women, National Organization for Women NYC, Women's Justice NOW, New York Cyber Abuse Task Force, Herunivercity Inc., Women's Equal Justice, New York City Alliance Against Sexual Assault, The Coalition Against Trafficking in Women, National Network to End Domestic Violence, Esperanza United, New York State Anti-Trafficking Coalition, Her Justice and Urban Resource Institute annexed hereto as Exhibit 1.

Dated: June 4, 2025

Respectfully submitted,

/s/ *John Terzaken*

John Terzaken (*pro hac vice* pending)
SIMPSON THACHER & BARTLETT LLP
900 G. Street, N.W.
Washington, D.C. 20001
Telephone: (202) 636-5500
Facsimile: (202) 636-5502
Email: john.terzaken@stblaw.com

Sarah E. Phillips
Jacob Lundqvist
Damian P. Gallagher
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, N.Y. 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Email: sarah.phillips@stblaw.com
         jacob.lundqvist@stblaw.com
         damian.gallagher@stblaw.com

*Counsel to Amici*