UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>                    Plaintiff,<br><br>v.<br><br>WAYFARER STUDIOS LLC, et al.,<br><br>                    Defendants. | No. 24-cv-10049 (LJL) (lead case) |
| WAYFARER STUDIOS LLC, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>BLAKE LIVELY, et al.,<br><br>                    Defendants. | No. 25-cv-449 (LJL) (member case) |

**<u>REPLY IN SUPPORT OF BLAKE LIVELY'S MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFFS STEVE SAROWITZ, JAMEY HEATH, MELISSA NATHAN, JENNIFER ABEL, IT ENDS WITH US MOVIE LLC, AND THEIR COUNSEL</u>**

Esra A. Hudson (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips LLP
7 Times Square
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

Michael J. Gottlieb
Kristin E. Bender
Meryl C. Governski (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC  20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8904
anathan@willkie.com

*Attorneys for Blake Lively*

## TABLE OF CONTENTS

                                                          Page

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 2

I.      THE COURT SHOULD SANCTION PLAINTIFFS' COUNSEL, SAROWITZ, NATHAN, ABEL, HEATH, AND IEWU LLC ............................................................... 2

          A.      The Rule 11 Plaintiffs Make No Attempt to Defend Their Baseless Claims ........ 2

          B.      The Conduct of the Rule 11 Plaintiffs' Counsel—Throughout Litigation and Out of Court—Is Proof Positive of Improper Purpose ................................... 3

          C.      A Rule 12 Motion Is Not A Substitute For Rule 11 Sanctions .............................. 4

II.     THE RULE 11 PLAINTIFFS ARE NOT ENTITLED TO SANCTIONS ........................ 9

CONCLUSION ............................................................................................................................... 10

## TABLE OF AUTHORITIES

Page

### CASES

*AT&T Corp. v. Syniverse Techs., Inc.*,
  2014 WL 4412392 (S.D.N.Y. Sept. 8, 2014) .................................................................. 3, 4

*Bank v. CreditGuard of Am., Inc.*,
  2020 WL 1516107 (E.D.N.Y. Mar. 30, 2020) ................................................................... 9

*Charles Equip. Energy Sys. LLC v. Innio Waukesha Gas Engines, Inc.*,
  2023 WL 2346337 (S.D.N.Y. Mar. 3, 2023) ...................................................................... 5

*City of Yonkers v. Otis Elevator Co.*,
  106 F.R.D. 524 (S.D.N.Y. 1985) ........................................................................................ 8

*Corsini v. Bloomberg*,
  26 F. Supp. 3d 230 (S.D.N.Y. 2014) .................................................................................. 7

*E. Gluck Corporation v. Rothenhaus*,
  252 F.R.D. 175 (S.D.N.Y. 2008) ........................................................................................ 7

*Esposito v. Suffolk Cnty. Comm. Coll.*,
  2019 WL 1044099 (E.D.N.Y. Mar. 4, 2019) ..................................................................... 6

*Esposito v. Suffolk Cnty. Comm. Coll.*,
  517 F. Supp. 3d 126 (E.D.N.Y. Feb. 6, 2021) ................................................................... 6

*Galonsky v. Williams*,
  1997 WL 759445 (S.D.N.Y. Dec. 10, 1997) ..................................................................... 4

*Goldman v. Barrett*,
  825 F. App'x 35 (2d Cir. 2020) .......................................................................................... 8

*Gong v. Sarnoff*,
  2023 WL 5372473 (S.D.N.Y. Aug. 22, 2023) ................................................................... 4

*In re Kressner*,
  159 B.R. 428 (Bankr. S.D.N.Y. 1993) ............................................................................... 5

*In re UBS AG Sec. Litig.*,
  2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012) .............................................................. 3, 4

*Jawbone, LLC v. Donohue*,
  2002 WL 1424587 (S.D.N.Y. June 28, 2002) ................................................................ 6, 7

*Luv N' Care, Ltd. v. Shiboleth LLP*,
  2017 WL 3671039 (S.D.N.Y. Aug. 8, 2017) .................................................................. 6, 7

*On Time Aviation, Inc. v. Bombardier Capital Inc.*,
  570 F. Supp. 2d 328 (D. Conn. 2008) ................................................................................ 6

*Rates Tech. Inc. v. Mediatrix Telecom, Inc.*,
  2007 WL 2021905 (E.D.N.Y. Mar. 16, 2007) ................................................................... 6

## TABLE OF AUTHORITIES
(continued)

Page

*Safe-Strap Co., Inc. v. Koala Corp.*,
   270 F. Supp. 2d 407 (S.D.N.Y. 2003) ............................................................................. 6, 7, 9

*Shetiwy v. Midland Credit Mgmt.*,
   2014 WL 3739512 (S.D.N.Y. July 29, 2014) ........................................................................ 5

### RULES

Rule 11 ................................................................................................................................. passim

Rule 11(c) ..................................................................................................................................... 9

Rule 11(c)(1)(A) ........................................................................................................................... 9

Rule 12 ................................................................................................................................. passim

Rule 12(b)(6) ................................................................................................................................ 5

## **INTRODUCTION**

In their half-hearted Opposition, the Rule 11 Plaintiffs[1] do not even attempt to demonstrate *any* factual or legal basis for their claims, much less dispute that the claims were brought for the improper purpose of "seed[ing] harassing media narratives against Ms. Lively." ECF No. 223 ("Lively Br.") at 1. They do not defend their claims, and they do not defend their purpose, effectively conceding that their claims are baseless and their purpose is improper. The crux of their argument is that because their claims are subject to dismissal in Ms. Lively's Rule 12 motion and were, in fact, dismissed earlier today, they cannot be sanctioned for bringing them. But this argument is self-evidently absurd, because (if accepted) it would mean that Rule 11 sanctions would be unavailable precisely when they are most needed—when a claim is so lacking in legal or factual merit that it must be dismissed on the pleadings. The Rule 11 Plaintiffs appear to believe that they should be able to levy baseless claims in federal court, accompanied by a full-court press in the media designed to eviscerate the character of their opponent – here, a woman claiming she was sexually harassed and retaliated against in a brutal covert digital and media campaign that continues to this day. They brush aside concerns about frivolous causes of action, asserting that discovery and motion practice will sort out what is and is not viable in the 224-page FAC, shifting their Rule 11 obligations to Ms. Lively and the Court.

The Rule 11 Plaintiffs are not only wrong on the law, their arguments are also offensive to the administration of justice. They conflate unsuccessful claims with sanctionable claims, as if these two things are mutually exclusive. Of course, not all meritless claims are sanctionable, but the fact that a claim is meritless does not mean it *cannot* simultaneously be sanctionable. In all

---

[1] The Rule 11 Plaintiffs are Jamey Heath ("Heath"), Steve Sarowitz ("Sarowitz"), Melissa Nathan ("Nathan"), Jennifer Abel ("Abel"), and It Ends With Us Movie LLC ("IEWU"). Ms. Lively is Defendant Blake Lively.

cases, plaintiffs must have an objectively reasonable factual and legal basis and a proper purpose for suing in federal court, and the Rule 11 Plaintiffs have neither.

Remarkably, the Rule 11 Plaintiffs' Opposition does not argue otherwise. Even now, six months after filing an amended complaint, having faced motions to dismiss, Rule 11 safe harbor letters, and sanctions motions, the Rule 11 Plaintiffs do not and cannot identify the alleged "extortionate threats" to Sarowitz, Nathan, Abel, or IEWU (or what they were deprived of), or the contractual or economic relationship the Rule 11 Plaintiffs had with WME, or what connection Heath, Sarowitz, Nathan, or Abel have with any contract to support the breach of the implied covenant claim. Even under the Rule 11 Plaintiffs' view that it is acceptable to assert admittedly frivolous claims in the hopes that discovery makes them nonfrivolous, each of the foregoing facts would necessarily be within *their personal knowledge* by their very nature. Worst of all, the FAC has been used as the base material to publicly excoriate Ms. Lively, elevating its allegations beyond the merely frivolous to the downright abusive.

The Rule 11 Plaintiffs have absolved themselves of their Rule 11 obligations, have utterly failed to police themselves, and have used the federal court process to wage a toxic media war against Ms. Lively. They have had many opportunities to change course and have refused to do so. In their Opposition, the Rule 11 Plaintiffs have made no attempt to provide any legitimate basis for their claims or articulate a proper purpose for bringing them. Accordingly, this Court should accept the Rule 11 Plaintiffs' concession that they lack any legitimate factual or legal basis for the challenged claims and impose appropriate sanctions on them and their counsel under Rule 11.

## ARGUMENT

I. **THE COURT SHOULD SANCTION PLAINTIFFS' COUNSEL, SAROWITZ, NATHAN, ABEL, HEATH, AND IEWU LLC**

   A. **The Rule 11 Plaintiffs Make No Attempt to Defend Their Baseless Claims.**

In her Opening Brief, Ms. Lively established that each of the Rule 11 Plaintiffs brought claims that are legally unreasonable and factually baseless. *See* Lively Br. at 12-20. For instance, the Civil Extortion Claims rest on purported demands that Ms. Lively made to Justin Baldoni, Jamey Heath, and Wayfarer Studios—which have nothing to do with any of Sarowitz, Nathan, Abel, or IEWU LLC. *Id.* at 12-16. The Interference and Implied Covenant Claims are similarly baseless. *Id.* at 17-20. No reasonably competent attorney would advance Interference Claims on behalf of the Rule 11 Plaintiffs, especially when there exists no contract or relationship with which Ms. Lively purportedly interfered. *Id.* at 17-19. The same is true as to the Implied Covenant Claims, which again, rest on a contract that has nothing to do with any of Sarowitz, Nathan, Abel and Heath. *Id.* at 19-20.

The Rule 11 Plaintiffs make no attempt whatsoever to defend the legal or factual basis for these claims, or to respond to Ms. Lively's arguments that they are baseless. That damning silence concedes that there is no objectively reasonable basis in fact or law for any of the challenged claims. *See AT&T Corp. v. Syniverse Techs., Inc.*, 2014 WL 4412392, at *7 (S.D.N.Y. Sept. 8, 2014) ("[Plaintiff] did not even discuss it in its opposition brief. [Plaintiff]'s silence concedes the point"); *In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *21 (S.D.N.Y. Sept. 28, 2012).

### B. The Conduct of the Rule 11 Plaintiffs' Counsel—Throughout Litigation and Out of Court—Is Proof Positive of Improper Purpose.

In her Opening Brief, Ms. Lively cited a plethora of examples demonstrating the improper purpose underlying these baseless claims, which were clearly designed to harass Ms. Lively. Lively Br. at 20-23. Specifically, the Opening Brief highlighted six different press statements made by Mr. Freedman over the last six months, in which he has publicly attacked and defamed Ms. Lively. *Id.* at 20-21. Ms. Lively also cited Plaintiffs' Counsel's improper letter and declaration filed with this Court—documents so inflammatory and inappropriate that they were stricken from

3

the record. *Id.* at 22 (citing ECF No. 220). In response, the Rule 11 Plaintiffs commit less than half a page and simply argue that "Rule 11 does not apply to out of court statements." Opp. at 10. It is stunning that the Rule 11 Plaintiffs do not dispute the improper purposes that Ms. Lively painstakingly laid out, or even offer another, proper purpose for the Court to consider. That omission concedes Ms. Lively's point. *See AT&T Corp.*, 2014 WL 4412392, at *7; *In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *21.

The Rule 11 Plaintiffs suggest that Ms. Lively has sought sanctions *for* making certain out-of-court statements, and then attack that straw-man argument, asserting that Rule 11 sanctions are limited to in-court filings. Opp. at 10. While Ms. Lively has not asked for sanctions to be imposed for the making of those statements, those statements are evidence of the Rule 11 Plaintiffs' and their counsel's improper purpose in filing objectively baseless claims. It is well established that a court may consider "Plaintiffs' conduct during and outside of litigation" and "the overall circumstances of th[e] case" in evaluating an improper purpose. *See Gong v. Sarnoff*, 2023 WL 5372473, at *13 (S.D.N.Y. Aug. 22, 2023); *see also Galonsky v. Williams*, 1997 WL 759445, at *6 (S.D.N.Y. Dec. 10, 1997) ("it is appropriate to consider the press conference held by counsel in assessing the issue of his good faith in filing frivolous claims and motions"). Remarkably, the Rule 11 Plaintiffs do not dispute that the actions of Plaintiffs' Counsel—both during litigation and in press statements—are, in fact, improper.[2]

      C.      <u>**A Rule 12 Motion Is Not A Substitute For Rule 11 Sanctions.**</u>

Rather than attempt to defend their claims as nonfrivolous and for an improper purpose, the Rule 11 Plaintiffs spend the bulk of their Opposition arguing that sanctions are unavailable

---

[2] The Rule 11 Plaintiffs also do not address (and therefore concede) Ms. Lively's argument that sanctions should be imposed on Plaintiffs' Counsel. *See* Lively Br. at 17-24.

here because Rule 11 is not "a substitute to a Rule 12(b)(6) motion to dismiss." Opp. at 6-10. This is nonsensical and unsupported by the law.

*First*, Ms. Lively is not attempting to substitute the Rule 11 process for a motion to dismiss. In fact, Ms. Lively filed her Motion to Dismiss on March 20, 2025, ECF No. 145, which clearly articulates the many bases for dismissal of the claims against her and was granted in its entirety earlier today. ECF No. 296. Unlike her Motion to Dismiss, Ms. Lively's Safe Harbor Letters warned the Rule 11 Plaintiffs that certain of their claims were *so* baseless and brought with *such* an improper purpose that they were sanctionable under Rule 11—assertions that go far beyond run-of-the-mill pleading defects under Rule 12. Simply put, the fact that claims should be dismissed under Rule 12 does not insulate them from sanctions, and none of the cases that the Rule 11 Plaintiffs cite stand for that proposition.

Indeed, courts in this district routinely dismiss claims under Rule 12 while also imposing sanctions due to the claims' frivolity and parties' improper purpose. *See, e.g.*, *Charles Equip. Energy Sys. LLC v. Innio Waukesha Gas Engines, Inc.*, 2023 WL 2346337, at *1, *8–9 (S.D.N.Y. Mar. 3, 2023) (imposing sanctions after dismissing claims under 12(b)(6) because "the claims asserted were so obviously lacking in factual or legal support"); *Shetiwy v. Midland Credit Mgmt.*, 2014 WL 3739512, at *5 (S.D.N.Y. July 29, 2014) (after previously dismissing all claims under Rule 12, imposing Rule 11 sanctions where plaintiffs' "alleged causes of action against ten defendants without any basis and without regard to the individual practices of each of those defendants"); *In re Kressner*, 159 B.R. 428, 431-32 (Bankr. S.D.N.Y. 1993) (dismissing claim under 12(b)(6) and also imposing sanction under Rule 11).

Meanwhile, none of the cases cited by the Rule 11 Plaintiffs supports their position. For instance, the Rule 11 Plaintiffs rely upon cases in which the Court acknowledged there were

5

legitimate, non-frivolous, factual disputes that not only failed to support Rule 11 sanctions, but also related Rule 12 motions—which is not the case here. *See Luv N' Care, Ltd. v. Shiboleth LLP*, 2017 WL 3671039, at *12-13 (S.D.N.Y. Aug. 8, 2017) (denying motion to dismiss legal malpractice and fraud claims and Rule 11 motion, which focused principally on arguments that the plaintiffs "lied about being unaware of their legal malpractice claim" and were intertwined with the merits of the underlying claims); *Jawbone, LLC v. Donohue*, 2002 WL 1424587, at *6-7 (S.D.N.Y. June 28, 2002) (action arising from settlement agreement, in which there was a "genuine dispute" as to whether the settlement funds were properly distributed and the defendants advanced "substantially identical" arguments in both their Rule 11 and 12 motions).

The Rule 11 Plaintiffs also rely upon *Esposito v. Suffolk Cnty. Comm. Coll.*, 2019 WL 1044099, at *6 (E.D.N.Y. Mar. 4, 2019), but the plaintiff in that case *was sanctioned. See Esposito v. Suffolk Cnty. Comm. Coll.*, 517 F. Supp. 3d 126, 137 (E.D.N.Y. Feb. 6, 2021).[3]  Finally, the Rule 11 Plaintiffs curiously rely upon a pair of patent cases—*including one in which the plaintiff actually withdrew its frivolous claims within the Rule 11 safe harbor period*. *Rates Tech. Inc. v. Mediatrix Telecom, Inc.*, 2007 WL 2021905, at *5-7 (E.D.N.Y. Mar. 16, 2007) (rejecting Rule 11 motion that focused on the merits of the plaintiff's pre-filing patent claim interpretation and, more importantly, in which the plaintiff withdrew prior claims within safe harbor period); *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F.Supp.2d 407, 413 (S.D.N.Y. 2003) (deferring ruling on Rule 11 motion, when its arguments, relying on evidence outside of the pleadings, turned it into a "de facto motion for summary judgment").

---

[3] In their Opposition, the Rule 11 Plaintiffs also cite *On Time Aviation, Inc. v. Bombardier Capital Inc*., 570 F. Supp. 2d 328 (D. Conn. 2008), in which the court issued sanctions against a plaintiff, based on its improper use of Rule 11 in response to a motion for summary judgment, which (of course) has no bearing here.

6

***Second***, citing no supporting authority, the Rule 11 Plaintiffs argue that Ms. Lively must wait for the Court to rule on the pending Motion to Dismiss before seeking sanctions under Rule 11. Opp. 8-9.[4] In light of the Court's decision and order, granting Ms. Lively's motion to dismiss in its entirety, this argument is now moot. *See* ECF No. 296. That aside, applying this logic, no litigant would ever be permitted to pursue Rule 11 sanctions during the pendency of a Rule 12 or 56 motion, which would make little sense. Indeed, that is directly at odds with the Rule 11 Plaintiffs' own cited authority, which expressly "encourage[s]" parties seeking sanctions to "file a Rule 11 motion promptly after the complaint is filed." *Safe-Strap Co., Inc.*, 270 F.Supp.2d at 413 n.3 (collecting cases). In fact, *E. Gluck Corporation v. Rothenhaus*, which the Rule 11 Plaintiffs also rely upon, reinforces the propriety of Ms. Lively's Motion at this juncture. There, the Court disapproved of a defendant's filing of a Rule 11 motion based on pleading deficiencies ***prior to any Rule 12 motion***. 252 F.R.D. 175, 183 (S.D.N.Y. 2008). Unlike *E. Gluck*, Ms. Lively brought the present motion only ***after her Rule 12 motion*** was fully briefed, after the Rule 11 Plaintiffs had the full opportunity to reconsider their claims once presented with their deficiencies, and after they refused to withdraw their baseless claims following the safe harbor. Indeed, the timing of Ms. Lively's Motion is consistent with standard practice in this District—as illustrated by even the Rule 11 Plaintiffs' cases. *See Corsini v. Bloomberg*, 26 F.Supp.3d 230, 247-48 (S.D.N.Y. 2014) (Rule 11 motion filed concurrently with Rule 12 motion, both of which were granted by the Court); *see also Luv N' Care, Ltd.*, 2017 WL 3671039, at *4 (motion to dismiss and for Rule 11 sanctions filed concurrently); *Jawbone, LLC v. Donohue*, 2002 WL 1424587, at *1-2 (motion for Rule 11 sanctions filed one week after motion to dismiss was fully submitted).

---

[4] To the extent this argument can be construed to suggest that the Rule 11 Plaintiffs are entitled to amend their pleading based on the Court's anticipated ruling on the pending motions to dismiss, it is entirely without merit. The deadline to move for leave to amend passed almost two months ago and the Wayfarer Parties expressly declined this Court's invitation to avail themselves of this opportunity prior to the deadline. *See* ECF Nos. 175, 176.

***Third***, the Rule 11 Plaintiffs incorrectly claim that the Motion is premature because "[d]iscovery is still in its infancy" and may somehow cure the frivolity identified above and in the Opening Brief. Opp. at 9; *see also* Ex. F to Hudson Decl. (Rule 11 Plaintiffs' May 13, 2025 Response to Safe Harbor Letter, in which they state: "Discovery is in its infancy and the extensive allegations in the FAC support the Wayfarer Plaintiffs' good-faith belief that reasonable investigation and discovery will uncover additional evidence to support the claims of all Wayfarer Plaintiffs"). As an initial matter, discovery is most certainly not "in its infancy"—the deadline for substantial completion of document production is July 1, 2025 (fewer than 30 days from now), with fact discovery closing on August 15, 2025. *See* ECF No. 58. But at a more fundamental level, it is elementary that Rule 11 does not permit parties and counsel to file frivolous claims in the hope that discovery will render them nonfrivolous.

Further, this argument proves Ms. Lively's point and underscores the basis for Rule 11 sanctions here. "Rule 11 is designed to insure that allegations made in a complaint drafted by a member of the bar of this Court are supported by a sufficient factual predicate ***at the time that the claims are asserted***." *City of Yonkers v. Otis Elevator Co.*, 106 F.R.D. 524, 525-26 (S.D.N.Y. 1985) (granting Rule 11 sanctions) (emphasis added); *see also Goldman v. Barrett*, 825 F. App'x 35, 38 (2d Cir. 2020) (an attorney is "not entitled to rely on discovery to justify bringing claims with no factual basis"). Wishful thinking about potential future discovery is, in sum, not a license for counsel to disregard the obligations of Rule 11. *See id.* ("It is thus no answer to a motion seeking Rule 11 sanctions for asserting a baseless claim of fraud to suggest that plaintiffs needed discovery to ascertain whether the claim asserted was well founded."). Moreover, the Rule 11 Plaintiffs have not even attempted to articulate what discovery could possibly be relevant here,

when the elements of the challenged claims are by their very nature within their own personal knowledge (*e.g.*, the "extortionate threats" that Ms. Lively allegedly made against them).

## II. THE RULE 11 PLAINTIFFS ARE NOT ENTITLED TO SANCTIONS

The Rule 11 Plaintiffs also make a baseless request for sanctions. Opp. at 10-11. But the Rule 11 Plaintiffs fail to identify *any* grounds whatsoever upon which sanctions are warranted and, to the extent this argument is based upon Rule 11(c)(1)(A), completely fail to demonstrate how Ms. Lively's "motion is not well grounded in fact or law, or is filed for an improper purpose." *See Safe-Strap Co., Inc.*, 270 F.Supp.2d at 421-22 (citations omitted); *see also Bank v. CreditGuard of Am., Inc.*, 2020 WL 1516107, at *5 (E.D.N.Y. Mar. 30, 2020) (denying cross-motion for sanctions under Rule 11(c)). The Rule 11 Plaintiffs have not even managed to dispute the core arguments of Ms. Lively's motion, namely that *their* claims are frivolous and were asserted for an improper purpose. It is impossible to understand how the Rule 11 Plaintiffs' could simultaneously fail to dispute that they asserted frivolous claims against Ms. Lively, while arguing that Ms. Lively somehow acted improperly by pointing out that now-undisputed fact. *Supra* Section I(A). Indeed, the Rule 11 Plaintiffs are not even willing to characterize the Motion as actually sanctionable. *See Opp.* at 5 (describing the Motion as "on 'the **borderline** of being sanctionable itself.'") (emphasis added). Thus, even accepting the Rule 11 Plaintiffs' arguments at face-value, the imposition of sanctions on Ms. Lively and her counsel would be inappropriate.

## CONCLUSION

For these reasons and the reasons set forth in her Opening Brief, Ms. Lively's motion should be granted.

| | |
|---|---|
| Dated: June 9, 2025 | Respectfully submitted, |
| | /s/ Esra A. Hudson |
| WILLKIE FARR & GALLAGHER LLP<br>Michael J. Gottlieb<br>Kristin E. Bender<br>Meryl Governski (admitted *pro hac vice*)<br>1875 K Street NW<br>Washington, DC 20006<br>(202) 303-1000<br>mgottlieb@willkie.com<br>kbender@willkie.com<br>mgovernski@willkie.com<br><br>Aaron Nathan<br>787 7th Avenue<br>New York, NY 10019<br>(212) 728-8000<br>anathan@willkie.com | MANATT, PHELPS & PHILLIPS, LLP<br>Esra A. Hudson (admitted *pro hac* vice)<br>Stephanie A. Roeser (admitted *pro hac v*ice)<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>(310) 312-4000<br>ehudson@manatt.com<br>sroeser@manatt.com<br><br>Matthew F. Bruno<br>7 Times Sq.<br>New York, NY 10036<br>(212) 790-4500<br>mbruno@manatt.com |

*Attorneys for Blake Lively*